Grether *v.* Klock.

———————

## CHARLES GRETHER AND ANOTHER *vs.* IRVING B. KLOCK.

In indebitatus assumpsit jurisdiction generally depends upon the amount demanded as damages in the writ, that being regarded as the matter in demand within the meaning of the statute. But if it appear on the face of the declaration, either as originally drawn or as afterward amended, that the plaintiff cannot recover all the damages laid in the ad damnum clause of his writ, then the matter in demand will be the highest sum which the plaintiff on the face of his declaration appears to be entitled to recover.

Where, therefore, the amount of damages laid in the ad damnum clause is sufficient to confer jurisdiction, if a bill of particulars is filed as part of the record, and the declaration is thereby so amended that it appears on the record that no recovery can be had beyond the amount claimed in the bill of particulars, then, if such amount is insufficient to confer jurisdiction, a want of jurisdiction appears of record, and a judgment for the plaintiff would be erroneous for defect of jurisdiction. But such bill of particulars may be so amended by leave of the court, within a reasonable time, as to bring the matter in demand within the jurisdiction, if the court is satisfied that it was drawn in its present form by inadvertence of counsel, or by mistake.

Therefore, where in an action brought to the Court of Common Pleas the damages demanded in the writ were $180, and the bill of particulars, which contained items both of debit and credit, showed a balance due to the plaintiffs of less than $100, and the court on the trial allowed the plaintiffs to amend the bill of particulars by striking out the items of credit, leaving the amount of the bill $200, it was holden that the amendment was properly allowed, and that the action was within the jurisdiction of the Court of Common Pleas.

INDEBITATUS ASSUMPSIT on the common counts; brought to the Court of Common Pleas, and tried on the general issue closed to the court, before *Pardee, J.*

The damages, as originally laid in the *ad damnum* clause of the declaration, were $180, which by special leave of court were upon the trial raised to $300. No bill of particulars was asked for by the defendant, or ordered by the court, but the plaintiffs, on the day of trial, voluntarily produced a bill of items of their account against the defendant, purporting to be an exact transcript of their books, which were also produced in court. This bill of items covered several pages, and the debits amounted to $210.62, and the credits to $109.09, leaving a balance of $101.53. The credits were not kept on a separate page, but were deducted from time to time from the defendant's account; and the balance, as shown by both the plaintiffs' books and the bill of items, was $101.55 as footed.

During the argument of the cause, the defendant claimed an error of ten dollars in his own favor in the footing of the debits, thus reducing the balance to $91.55. The defendant thereupon asked the court to reform the footing, and erase the case from the docket, on the ground that the sum due, as shown by the bill of items, did not give the court jurisdiction thereof. The court thereupon footed the bill of items, and found several errors. The result was a balance in favor of the plaintiffs of $91.99. Whereupon the plaintiffs asked and obtained leave of the court to amend the bill of items, by striking out all items of credit, thus leaving the amount of indebtedness to the plaintiffs $201.08, to all which the defendant objected. The defendant had proven all of the credits upon the trial, amounting to $109.09, and claimed others which were not proved. And the court, in rendering judgment for the plaintiffs, deducted all of the credits proved, and rendered judgment for the plaintiffs to recover $91.99 with interest, amounting in all to $96.86. The case having been fully tried on the facts, the defendant desired no further opportunity of introducing evidence. The cause was returned to the court in good faith, and upon the supposition that the amount due the plaintiffs was more than one hundred dollars.

The defendant filed a motion in error, assigning for error,

(1.) That the court erred in not allowing the motion of the defendant, and in not ordering the cause to be stricken from the docket. (2.) That the court erred in allowing the plaintiffs to erase or withdraw that part of the record and record testimony that appertained to and constituted the items of credit in the cause. (3.) That the court erred in proceeding to and rendering judgment, it appearing on the face of the plaintiffs' proceedings that the court had no jurisdiction.

*Phelps* and *Penney*, for the plaintiff in error.

*Fay*, for the defendants in error.

SEYMOUR, J. The plaintiffs brought to the Court of Common Pleas their action of indebitatus assumpsit on the common counts, demanding $180 damages and costs.

In cases of this kind jurisdiction generally depends upon the amount demanded as damages, that being regarded as the matter in demand within the meaning of the statute. The plaintiffs having demanded less than $500 and more than $100, the Court of Common Pleas had undoubted jurisdiction of the case. But if it appear on the face of the declaration, either as originally drawn, or as afterward amended, that the plaintiff cannot recover all the damages laid in the ad damnum clause of his writ, then the matter in demand will be the highest sum which the plaintiff on the face of his declaration appears to be entitled to recover. Thus, although the declaration in this case demands $180 in its ad damnum clause, yet if the plaintiffs have filed a bill of particulars as part of the record, and have thereby so amended their declaration that it appears on the record that no recovery can be had beyond the sum of $96.86, then a want of jurisdiction in the Court of Common Pleas appears of record, and the judgment is erroneous for defect of jurisdiction.

The record on this subject is as follows : The plaintiffs on the day of trial voluntarily produced a *bill of items* of their account, the same purporting to be an exact transcript of their books, which were also produced in court. The bill of items

is then given at length.   We think such a document is not
necessarily a *bill of particulars ;* it does not appear to have
been filed as such, so as by such filing to become part of the
record.   But further, this bill of items, though as originally
produced it perhaps showed a demand less than $100, yet by
leave of the court it was so amended that the matter in de-
mand is within the jurisdiction of the court.   We see no
objection to such an amendment.   A bill of particulars would,
we think, be open to such an amendment.

The defendant argues that the moment a bill of particulars
is filed showing a demand of less than $100, it becomes the
duty of the court to dismiss the suit for want of jurisdic-
tion, and that the court can exercise no further control
over the case than summarily to throw it out of court.
We cannot accede to this view of the subject.   The plain-
tiff cannot thus by an act of his own oust the court of a juris-
diction vested in it.   He cannot, without the consent of the
defendant and of the court, withdraw himself from a jurisdic-
tion which he has himself invoked.   The case remains within
the control of the court certainly for some purposes.   Judgment
may be rendered for costs in favor of the defendant, and we
think if the court is satisfied that the bill of particulars was
filed in the form it is by inadvertence of counsel, or by mis-
take, that it is open to amendment within any reasonable time.
A contrary doctrine would simply visit a plaintiff with serious
damage by reason of a mistake from which the defendant suf-
fers nothing, and correcting which does the defendant no in-
jury.

The defendant further insists that the bill of particulars dis-
closed that the real matter in dispute between the parties was
within the jurisdiction of a justice of the peace, and that being
so, an amendment ought not to be allowed for the purpose of
enabling the plaintiffs to insert fictitious items of debit, or erase
true items of credit, thereby to give the court a jurisdiction by
fiction.   It must be conceded that as an original question there
is force in the suggestion.   It seems, at first sight, like an abuse
of our statute rule to allow a plaintiff, by making a large de-

mand in his writ, to bring cases really small into the higher courts. But the law has long been settled that this may be done, and no serious evil has followed. It would occasion great embarrassment to have the jurisdiction depend upon the real value of the matter in controversy as that value should appear at the trial, and under the rule as administered it is not common that the higher courts are improperly called to try small causes. We have become familiar with the rule which thus allows the plaintiff to fix the matter in demand by the ad damnum clause of his writ, and allowing him to amend his bill of particulars, and make it conform to his declaration in respect to the amount demanded, is but following out a rule with which we are familiar, and which in practice has been found convenient and safe.

We therefore decide that there is no error in the judgment complained of.

In this opinion the other judges concurred.