## ADOLF PRINCE *vs.* ROSALIE TAKASH.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where jurisdiction in a civil action at law depends upon the amount
in demand, that amount is to be determined from the allegations
of the complaint and the claim for damages. If the case thus
stated is within the jurisdiction of the court, its jurisdiction is not
ousted or in anywise affected because it subsequently appears—
either from the averments and proof of the defendant, or from
such averments and admissions of the plaintiff—that the amount
actually recoverable by the latter would not have been sufficient
to confer jurisdiction had his demand been limited originally to
that sum.

It is error for a trial court to require a plaintiff, whose complaint sets
forth a cause of action and demands an amount of damages within
its jurisdiction, to amend his bill of particulars, upon motion of
the defendant, by crediting any payments on account made by the
defendant, and then to erase the case from the docket because the
complaint as thus amended is for an amount below the minimum
jurisdiction of the court. Such payments constitute a defense,
*pro tanto*, consistent with the truth of the plaintiff's claim, and
must be specially alleged and proved by the defendant.

The power of the trial court to direct a fuller and more particular
statement of the ground of a claim or defense contained in any
pleading, is largely discretionary, to be exercised with caution, and
never for frivolous or unsubstantial reasons.

What punishment should be administered to a plaintiff who knowingly
makes false statements in his complaint for the purpose of deceiv-
ing the court as to its jurisdiction, and injuring the defendant,
*quære.*

Argued April 15th—decided May 12th, 1903.

ACTION for goods sold and delivered, brought to the Court
of Common Pleas in New Haven County where the plaintiff
was required ( *Cable, J.* ) to amend his bill of particulars, and
the cause was thereafter erased from the docket ( *Hubbard, J.* )
for want of jurisdiction, from which ruling the plaintiff ap-
pealed. *Error.*

*Verrenice Munger*, for the appellant (plaintiff).

*Denis T. Walsh,* for the appellee (defendant).

HAMERSLEY, J. This action is brought to recover the price of goods sold to the defendant. In commencing the action the plaintiff used the form of complaint denominated, in the rules under the Practice Act, " common counts," and authorized for that purpose only. After the action was returned, the plaintiff filed a bill of particulars for the purpose of restating his cause of action so that it should be stated as required by the Practice Act. Until this is done, either by a bill of particulars or other amendment or substituted complaint, there is no complaint for the purpose of taking a default or rendition of judgment, or requiring the defendant to answer; when this is done, the cause of action thus stated stands for the form of complaint used in commencing the action, and the date of this restatement is treated, for purposes of answering, as the return day of the action. In legal effect the bill of particulars, as filed by the plaintiff, framed a complaint which alleges that the plaintiff sold and delivered to the defendant, at stated times, specified merchandise at specified prices, amounting in the whole to $235.80 ; that the defendant has not paid for the same ; and that the plaintiff claims $150 damages. Such a complaint states a good cause of action.

The fact that the amount agreed to be paid is greater than the amount claimed as damages, is immaterial to any question before us. The claim for damages may be amended during trial, or the proof may reduce the amount of the agreed price. The gist of the action is the breach of the defendant's duty to pay for the goods at the time of the sale and delivery.

It is plain that the complaint disclosed no ground for a dismissal of the action for want of jurisdiction.

The defendant moved for an order of court directing fuller and more particular statements of the ground of the plaintiff's claim set forth in his complaint, and included in his motion a request that the plaintiff be ordered to amend his bill of particulars (meaning his bill of particulars filed for

the purpose of completing his complaint by restating his cause of action in the manner required by law) by stating " whether any part of the claim or demand contained therein has been paid."

This motion was allowed, and the court ordered the plaintiff to amend his pleading by stating " whether any part of the claim or demand contained therein has been paid," and this order is recited in the judgment. The plaintiff, under protest and to avoid the penalties he might incur through disobedience of an order of court, amended his complaint by stating that certain payments had been made. The agreed price of the goods sold exceeded in amount the payments stated, by a sum less than $100. Thereupon, on motion of the defendant, the court ordered the case to be struck from the docket.

The reason of the action is thus stated in the judgment appealed from : The court " ordered and directed that said case be stricken from the docket of said court, on the ground that it appears from the bill of particulars filed in said case by the plaintiff that said court had no jurisdiction of said case."

This judgment is erroneous. The court went too far in ordering the plaintiff to state in his complaint the fact of payment. If the plaintiff had relied upon a book-account as the ground of his claim or demand, and the court had ordered him to state the whole account, a different question would be presented. But the ground of action is the failure of the defendant to make the payment he was bound to make at the time of each sale alleged. Payments subsequent to this breach of duty, which is the ground of the plaintiff's claim, need not be stated nor negatived in his complaint. Payment is a defense consistent with the truth of the plaintiff's claim, and by the express terms of the Practice Act must be specially alleged and proved by the defendant.

The court erred in making that portion of its order which directed the plaintiff to amend his complaint by stating whether or not payments had been made, and the plaintiff is entitled to have the statement of payments, made in obedience to this order, erased.

The power of a trial court, as affirmed in the Practice Act, to direct a fuller and more particular statement of the ground of a claim or defense contained in any pleading, is largely discretionary, to be exercised with caution, and never for frivolous or unsubstantial reasons.

It may be said in the present case, that if the statement of payments should be erased from the complaint, yet the defendant would undoubtedly allege them in the answer, and the plaintiff would be obliged to admit the allegation, and it would thereupon appear on the face of the pleadings that the court had no jurisdiction, and the same judgment of erasure must then be rendered; and so it appears that the plaintiff suffers no real injury. Such a claim is suggested by the record, and, even if not urged in argument, demands attention, for it goes to the root of the substantial question before us.

A justice of the peace has jurisdiction of civil actions for legal relief wherein the matter in demand does not exceed $100; the Court of Common Pleas has jurisdiction in such civil actions wherein the matter in demand exceeds $100 but does not exceed $500. General Statutes, Rev. 1902, §§ 533, 534. All actions, except summary process, within the jurisdiction of a justice may, after judgment and at the option of either party, be transferred to the Court of Common Pleas for trial *de novo.* General Statutes, Rev. 1902, § 540. The precise question is, what rule governs the Court of Common Pleas in applying the limit thus placed upon the exercise of its jurisdiction, to an action like the one before us. It is not the purpose of this legislation to compel the settlement of all controversies involving a small amount by a justice court, nor to prevent the Court of Common Pleas from exercising any jurisdiction in such controversies. Its main purpose is to send such causes in the first instance to a justice court, when the relief demanded by the plaintiff does not exceed $100. The limit was formerly expressed as follows: "Wherein the debt, trespass, damage or other matter in demand, does not exceed," etc. Statutes of 1821, p. 41,

§ 23. The meaning has not been altered by the condensation in language made in the Revision of 1875.

When a plaintiff brings his action to a Court of Common Pleas upon a money demand to recover damage caused by the defendant's breach of duty, and the amount of damage claimed exceeds $100, and the recovery of that sum is legally possible upon proof of his cause of action as stated, that court has jurisdiction of the action, and its jurisdiction is unaffected if, in the course of subsequent proceedings, the plaintiff fails to prove his cause of action as stated, or to prove a damage in excess of $100, or if the defendant succeeds, through proof of payment or similar defense, in reducing the amount of damage recovered to less than $100. In others words, the amount of the matter in demand, in such a case, is determined by the plaintiff in stating his cause of action and demand for relief. This rule has been practically applied in many cases, and is one most consistent with the evident purpose of our legislation, and most convenient in practice. *Grether* v. *Klock*, 39 Conn. 133, 135; *Hunt* v. *Rockwell*, 41 id. 51; *Hannon* v. *Bramley*, 65 id. 193, 200.

If upon the trial the defendant reduces the amount of judgment below $100 by proof of payment, that fact can have no more influence upon jurisdiction than a like reduction of judgment through failure of the plaintiff to prove any allegation of his complaint, and, as affecting jurisdiction, there is no distinction between payment alleged by defendant and proved by witnesses, and payment so alleged and proved by admissions of the plaintiff, whether in open court, or by failure to deny the allegation, or by express admission in his reply. In either case the court adjudges the amount due the plaintiff in the exercise of its jurisdiction, determined by the complaint.

The plaintiff may, upon return of his action to court, so amend his complaint that the amount of the matter in demand will clearly appear upon the face of his writ and complaint not to exceed $100, and such amendment, relating to the return day of the writ, it is apparent upon the face of the writ that the court has no jurisdiction. But where the writ

as returned shows jurisdiction, and the defendant has appeared and submitted to the jurisdiction, it is at least doubtful how far the plaintiff can use his right to amend, for the mere purpose of avoiding a jurisdiction he has himself invoked. Certainly when an inadvertent statement in an amendment may accomplish such a result, the court will permit him to further amend by erasing the statement. *Grether v. Klock*, 39 Conn. 133.

It is unnecessary to consider how the court may deal with a plaintiff who knowingly makes false statements of fact in his complaint for the purpose of deceiving the court and injuring the defendant. In this case there can be no question of good faith of the plaintiff in bringing the action to the Court of Common Pleas. His statement of the cause of action, and of his claim for damage, determined the amount in demand as within the jurisdiction of the court. This jurisdiction could not be affected by the amount of damages actually recovered, whether the adjudication of that amount might depend in part upon admissions contained in pleadings subsequent to the complaint, or wholly upon the facts established by testimony.

There is error, and the judgment of the Court of Common Pleas is reversed. Further proceedings may be had in that court according to law.

In this opinion the other judges concurred.