# Kimberly's Estate.

*Wills—Decedents' estates—Trusts and trustees—Corporations—Holding corporations.*

A provision in a will authorizing the executors and trustees, in the exercise of their discretion, to cause to be incorporated one or more companies, for the purpose of carrying on any business whatever, by the use of any property that might be in their hands, and authorizing them to transfer to such company or companies, any property in their care, and to receive for it the capital stock of such company or companies for such amounts as seem to them just and proper, is intended to apply only to the organization of such corporations as may become necessary or useful in the management and proper development of such of the properties owned by testator, or in which he was interested, as are unproductive and undeveloped; and further provisions to the

effect that "the stocks of any such corporation, taken as aforesaid by, my said trustees and executors, shall be taken and held by them for the purpose of distribution to and among the several legatees of my estate, the same as if the said stocks were converted into money" and "if there shall come into the hands of my said trustees and executors, as part of the trust property, any stocks of a corporation or corporations which my said trustees and executors may consider that it is for the benefit of my estate to hold, and not sell, they may retain the same and distribute them to my legatees specifically, as if they were money" do not authorize the creation of a corporation to be used merely as a holding company for such portions of the stock as remain in the hands of the executors, including shares of capital stock of other corporations which in their judgment it is more advantageous to keep than to sell; and this construction is strengthened by the fact that the testator provided for a period of five years from the date of his death for the settlement of his estate, and directed his executors and trustees "to make distribution of any stocks or funds" either during or at the end of such period of five years.

Argued Jan. 17, 1910. Appeal, No. 1, Oct. T., 1910, by George A. Baird, Ira B. Bassett and John C. Owsley, Executors and Trustees of Peter L. Kimberly, deceased, from decree of O. C. Mercer Co., June T., 1909, No. 37, granting petition of Emma K. Cotton and C. W. Fenton, Administrator of the estate of Jane P. Williamson, deceased, in Estate of Peter L. Kimberly, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition of beneficiaries under a will for an injunction and reconveyance. Before WILLIAMS, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the decree of the court granting the petition.

*Harry Rubens*, of *Rubens, Fischer, Mosser* and *Rigby*, with him *James P. Whitla*, for appellants.—The question always before the mind of the court is not what should the testator have meant to do or what words did he mean to use, but what he meant by words which he actually used: Hancock's App., 112 Pa. 532; Bruckman's Est., 195 Pa. 363; Woelpper's App., 126 Pa. 562; Horwitz v. Norris, 60 Pa. 261.

The words "for the purpose of carrying on any business whatever" are broad enough to include any object consistent with the interests of society that may engage the attention of men and invite their co-operation: Maxwell v. Akin, 89 Fed. Repr. 178; Vokes v. Eaton, 119 Ky. 913 (85 S. W. Repr. 174); Brown v. Corbin, 40 Minn. 508 (42 N. W. Repr. 481); Cahill v. Citizens Mutual Building Association, 61 Ala. 232; State v. Corkins, 123 Mo. 56 (27 S. W. Repr. 363); Market St. Ry. Co. v. Hellman, 109 Cal. 571 (42 Pac. Repr. 225).

A power clearly given is not limited except by clear language: Pope v. Sullivan, 156 Mass. 585 (31 N. E. Repr. 684); Cochran v. Elwell, 46 N. J. Eq. 333 (19 Atl. Repr. 672); Ford v. Ford, 80 Mich. 42 (44 N. W. Repr. 1057).

*William D. Wallace,* with him *William McElwee, Jr.,* and *C. W. Fenton,* for appellees.—The intention of the testator as it existed at the time the will was written and which the testator expressed by the language he used therein, must control: Thran v. Herzog, 12 Pa. Superior Ct. 551; Campbell's Est., 202 Pa. 459; Bender's App., 3 Grant, 210; Hancock's App., 112 Pa. 532; Bruckman's Est., 195 Pa. 363; Woelpper's App., 126 Pa. 562; Bank v. Hartman, 8 Pa. Superior Ct. 170.

OPINION BY MR. JUSTICE POTTER, March 14, 1910:

Peter L. Kimberly held a large number of shares of the capital stock of investment companies, and in mining, irrigation and electric railway companies, incorporated and doing business outside the state of Pennsylvania. He died unmarried and without issue, and by his will divided his estate among various relatives, personal friends, and charities to be selected by his executors. In order to prevent any undue sacrifice of values through hurried sales, the testator provided for a period of five years from the date of his death for the settlement of his estate. He authorized his executors and trustees, in the exercise of their discretion, to cause to be incorporated one or more companies, for the purpose of carrying on any business whatever, by the use of any property that might be in their hands, and authorized them to transfer to

such company or companies, any property in their care, and to receive for it the capital stock of such company or companies for such amounts as seemed to them just and proper.

The judge of the orphans' court, very properly we think, construed the language of the testator, as used in this connection, as intended to apply only to the organization of such corporations as might become necessary or useful, in the management and proper development of such of the properties owned by testator, or in which he was interested, as were unproductive and undeveloped. It appears that the testator was largely interested in undeveloped mining properties, which being more or less hazardous as investments, and uncertain as to their outcome, and involving management from a distance, the dictates of common prudence would suggest the advantage of procuring as to them the protection and limitation of corporate organization rather than to assume the unlimited liability of personal or partnership management. In this connection the testator provided that "the stocks of any such corporation, taken as aforesaid, by my said trustees and executors, shall be taken and held by them for the purpose of distribution to and among the several legatees of my estate, the same as if the said stocks were converted into money." And further, "If there shall come into the hands of my said trustees and executors, as part of the trust property, any stocks of a corporation or corporations, which my said trustees and executors may consider that it is for the benefit of my estate to hold, and not sell, they may retain the same and distribute them to my legatees specifically, as if they were money." The five years, period allowed for settlement and distribution will expire June 6, 1910. The trustees and executors in pursuance of what they regarded as the power conferred upon them in the will, caused to be incorporated, under the laws of the state of Maine, a corporation under the name of the Kimberly corporation, not for the purpose of carrying on any business in connection with any of the properties of the estate, such as mining, or transportation, or irrigating lands, but merely for the purpose of using it as a holding company for such portions of the estate as remain in their hands, in-

cluding shares of capital stock of other corporations which in their judgment it will be more advantageous to keep than to sell. And they proposed to transfer to said company such assets of the estate. The court below was of the opinion that a holding corporation formed as the one in question by the trustees, was not within the fair meaning of the language used by the testator in his will. The plan of the trustees, as noted above, contemplated the conveyance of the remaining assets of the estate to this holding company, the Kimberly corporation, and then the distribution of the stock of that corporation in kind among the legatees. While, under this scheme, the stock of the new corporation would be distributed, the assets of the estate which were left by the testator would remain in the hands of the corporation. This disposition can hardly be reconciled with the direction of the will "to make distribution of any stocks or funds" either during or at the end of a period of five years from the testator's death. If the testator had intended that his whole estate should be incorporated, and that only the stock of the company so formed should be distributed, he probably would have made his intention very clear. The plainest authority ought to be shown for such an unusual step.

In proposing this plan the executors and trustees seem to be actuated by a desire to protect the interests of the beneficiaries, many of whom are women, and unused to the management of business affairs. The object may be commendable, but we do not see that it is justified by any provision in the will. Ample time was allowed the executors and trustees in which to convert the trust property into money or stocks for the purposes of distribution. They had no power to carry on the business of the decedent, except to the extent of the express authority given to them in the will. The testator clearly intended that the process of settlement of his estate should not extend over more time than the period of five years provided by him. It may be suggested that the assets of the estate may be distributed by means of the division of the stock in the holding corporation. But such action is unnecessary, and it is beyond any authority bestowed upon the executors and trus-

tees in the will. Our examination of this record leads us to the same conclusion as that reached by the court below; that the Kimberly corporation, acting as a holding company, is not such a corporation as was contemplated by the testator, and provided for in sec. 2 of the first paragraph of the will; and further, that the organization of a corporation for the purpose of transferring to it the assets of the estate, and the transfer of said assets, even with the view of distributing its stock in kind among the legatees, is in excess of the power and authority conferred upon the executors and trustees in the will of Peter L. Kimberly.

The assignments of error are overruled, and the decree of the court below is affirmed.