THE ATLANTIC REFINING COMPANY *vs.* OSCAR W. SCHOEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 7th, 1933—decided January 2d, 1934.

*Charles A. Hallock* and *Frank L. Wilder,* for the appellant (defendant).

*William L. Beers,* with whom, on the brief, was *George E. Beers,* for the appellee (plaintiff).

MALTBIE, C. J.  The complaint alleges that the parties in this action entered into a written agreement a copy of which was annexed.  Under it the plaintiff was to furnish and lend to the defendant certain equipment for the sale of gasoline; the defendant agreed to purchase all gasoline handled through this equipment from the plaintiff; and if he failed to purchase at least thirty thousand gallons of gasoline or motor fuel yearly he would be considered in default and the plaintiff might either retake the equipment and become entitled to receive $475, which it was agreed was the fair and reasonable expense incurred, or it might allow the equipment to remain and charge the defendant $891.99, the agreed value of the system, and upon the payment

of that sum title to it would pass to the plaintiff. The complaint further alleged that the defendant failed to purchase at least thirty thousand gallons of gasoline or motor fuel for more than a year before October 10th, 1932, and on that day the plaintiff declared him in default; and that, by reason of this default, the liquidated damages provided in the contract were due. The complaint claimed $1000 damages. The action was brought to the Superior Court, the writ being dated October 25th, 1932.

The trial court gave judgment for the plaintiff to recover $489.25. The defendant contends that the Superior Court was without jurisdiction over the cause of action alleged. In any action where the matter in demand exceeds $500 but does not exceed $2000, the Superior Court has concurrent jurisdiction with the Courts of Common Pleas. General Statutes, § 5439. Ordinarily the matter in demand is determined by the amount of damages claimed in the complaint; but where it appears from its allegations that the plaintiff cannot recover the damages claimed, then the matter in demand will be the highest sum which the plaintiff upon the face of the complaint appears to be entitled to recover. *Grether* v. *Klock,* 39 Conn. 133, 135; *Hannon* v. *Bramley,* 65 Conn. 193, 200, 32 Atl. 336. Interest due upon the amount involved at the time the action was brought may be added to determine the amount of the plaintiff's demand. *Guile* v. *Brown,* 38 Conn. 237; *Hunt* v. *Rockwell,* 41 Conn. 51, 53; *Stone* v. *Hawkins,* 56 Conn. 111, 114, 14 Atl. 297. But interest which might be allowed for the time elapsing between the bringing of the action and the judgment affords too speculative and indefinite a basis upon which to found jurisdiction. *Denison* v. *Denison,* 16 Conn. 34, 38.

The only provision for liquidated damages in the

contract before us is that which fixes the sum of $475 as compensation to the plaintiff for its fair and reasonable expense upon its retaking the equipment after default. The larger sum specified in the agreement, $891.99, was an agreed purchase price of the equipment if the plaintiff elected not to retake it, and could not be considered liquidated damages. The largest principal sum due the plaintiff under the allegations of the complaint was $475; default was declared by the plaintiff on October 10th, 1932, and action was brought by writ dated October 25th, 1932, so that any amount of interest due at the latter date would be negligible. It follows that the Superior Court was without jurisdiction of the action.

There is error and the case is remanded with direction to erase it from the docket for want of jurisdiction.

In this opinion the other judges concurred.