## LOUIS PARELLA
vs.
## MARIA PARELLA, ADMX.

Superior Court          Fairfield County          File #47247

Present:   Hon. JOHN A. CORNELL, Judge.

John J. Farrell,                    Attorney for the Plaintiff.

Lavery & Finklestone,          Attorneys for the Defendant.

MEMORANDUM FILED JUNE 25, 1935.

CORNELL, J.   The first count describes a loan of the prin-cipal sum of $175. allegedly made by plaintiff to defendant's intestate; the second an obligation sounding in contract in the sum of $210.

The respective sums so mentioned are, thus, below the jurisdiction of this court.

**Brennan vs. Berlin Iron Bridge Co., 75 Conn. 393, 396.**

The complaint, however, claims damages of $1500. on the basis of what is said in the three counts and this will determine the jurisdiction of the court unless it appears from the alle-gations that the highest sum thus receivable, as applied to each count will be under the jurisdiction.

**Atlantic Refining Co. vs. Schoen, 118 Conn. 26, 28.**

Since the two counts which are the subject of attack state causes of contractual nature, it is, undoubtedly, plaintiff's

claim that he is entitled to interest on each of them since they became due for payment and were not paid.

In determining the jurisdiction of the court, interest may be added to the principal amount of the debt, computed up to the time the action was brought.

Atlantic Refining Co. vs. Schoen, supra, p. 28.

In Plaintiff's More Specific Statement filed June 6, 1935, to his Amended Complaint, filed June 4, 1935, he states that the loan of $175 mentioned in the first count was made "in the year 1907". It is self-evident that the accumulation of interest during the intervening period, when added to the principal sum of $175, would not total $500, when computed up to the time the action was commenced.

It is very probable, too, that interest added to the principal sum claimed in the second count will, also show that the total is not sufficient to confer jurisdiction on this court as to that count.

However, the more specific statement does not indicate the alleged value of the board furnished in each of the years named and hence it does not clearly appear onthe face of the record, that the court may not have jurisdiction of the cause alleged in the second count.

If and when it does so appear or becomes apparent from the evidence on the trial, the defendant may, of course, then move to erase.

The motion is entitled a "Plea to the Jurisdiction" and asks judgment that the cause stated in the first and second counts "Abate". Where the lack of jurisdiction appears on the face of the record, as in the first count, here, a Motion to Erase is the proper method of attack.

Berigow vs. Davis, et als, 116 Conn. 553.

The terminology of the instant motion as well as the relief asked and the form in which it is prayedfor,make of it, a plea in abatement. As such it must, obviously, be overruled. As to when such a plea in contradistinction to a motion to erase or to dismiss should be employed, see Murphy vs. Elms Hotel et al, 104 Conn. 351.

While the present plea is unsustainable, yet it does suffice

to bring the attention of the court to its lack of power to entertain jurisdiction of the cause stated in the first count.

The "Plea to the Jurisdiction" is denied. The court on its own motion, orders that the first count of the amended complaint, as amended by the more specific statement filed June 6th, 1935, be erased.

Miller vs. Cross, 73 Conn. at p. 542; Budd, Admr. vs. Meriden Electric R. R. Co., 69 Conn. 283.