### DAVID B. ROBERTS, INC.
vs.
### CAPITOL CHEVROLET COMPANY, ET AL.

Superior Court        Hartford County          File #55014

Present:   Hon. JOHN A. CORNELL, Judge.

Frederick R. Manning,          Attorney for the Plaintiff.

Schatz & Schatz,          Attorneys for the Defendant.

## MEMORANDUM FILED DECEMBER 4, 1937.

CORNELL, J. These facts appear: The General Motors Holding Corporation was named as a defendant in the cause. It is a corporation organized and existing under the laws of the State of Delaware, its principal office and place of business being in the City of New York. It has never complied with the provisions of General Statutes, Revision 1930, Sec. 3489 and so is not authorized to do business in this State. General Statutes, Revision 1930, §3491. Unless its ownership of certain shares of stock issued by The Sloate-Chevrolet Company and Britain Motor Sales Company—both Connecticut corporations—may be considered, it possesses no property in this State. In consequence, the only manner in which jurisdiction of such defendant could be obtained, was by making a valid attachment of the stock held by it in the corporations mentioned.

Since the process of attachment is wholly one existent by statute it was required that compliance be made with the applicable provision, viz., General Statutes, Revision 1930, §§ 3441, 3442. This, in effect, states that no attachment of stock in a corporation shall be effective unless, in addition to following the requirements of General Statutes, Revision 1930, §5720, the certificate or certificates evidencing such shares be (1) seized by or surrendered to, the officer serving the process or (2) the transfer of such stock be enjoined. In the instant case neither of these conditions were met and, of course, without that, the attempt to obtain jurisdiction in personam by service of process in New York by registered mail, was unavailing. Receivers, Middlesex Banking Co. vs. Realty Investment Co., 104 Conn. 206; Harris vs. Weed, 89 Conn. 214, 221; Leventhal Furniture Co. vs. Crescent Furniture Co., 121 Conn. 343, 346.

The contention that the service made on the corporations which issued the stock held by defendant, was in fact, or in effect, a garnishment, cannot be allowed. Outstanding shares of stock do not constitute a corporate debt. 14 C. J. p. 383, §503.

The filing of the plea to the jurisdiction was not improper,

although the plea in abatement was sufficient to raise any issue going to the jurisdiction of the court. **Leventhal Furniture Co. vs. Crescent Furniture Co., supra, p. 347.** It is in any event sufficient to call the court's attention to the lack of jurisdiction upon which the court is required to act. **Chzrislonk vs. N. Y., N. H. & H. R. R. Co., 101 Conn. 356.**

Plea sustained.