This action in which the plaintiff seeks damages in the amount of $500, was returned to this court on the first Tuesday of June, 1941. On June 2, 1941, Joseph Weiner, Esq., a New Haven attorney, filed a general appearance on behalf of the defendant. No answer, motion or *Page 18 
other pleading has been filed to date hereof with the exception of the motion now under consideration.
On September 12, 1941, defendant's attorney filed the motion which is the subject matter of this memorandum. The grounds of the motion are three: (1) that the filing of the "general appearance" was due to inadvertence and mistake; (2) that the plaintiff had previously instituted a similar action against the defendant in this court in which the defendant had filed a "special appearance" and succeeded in having said case erased from the docket on a "motion to erase" which was granted by the court on March 29, 1941; (3) that the instant action is one involving the same parties and the plaintiff alleges herein "the same facts" as in the earlier action, "and the defendant intended to file a special appearance and another motion to erase."
If the jurisdictional question which the defendant wishes to raise on a subsequent motion to erase relates to jurisdiction of the person of the defendant, the general appearance on file is a bar. "By his general appearance the defendant submitted himself to the jurisdiction of the court." Fine vs. Wencke,117 Conn. 683, 684. See, also, Foley vs. Douglas Bro.,Inc., 121 Conn. 377, 380.
If, however, the jurisdictional question is one relating to the subject matter of the plaintiff's alleged cause of action, the jurisdictional defect, if such there be, may be taken advantage of at any time, either directly or collaterally. SeeChzrislonk vs. New York, N. H. H.R. Co., 101 Conn. 356,358, and cases cited; Faulkner vs. Gardner, 5 Conn. Sup. 388,390. An examination of the Supreme Court Records and Briefs (Vol. A-48, December Term. 1938) in the case ofAtlantic Refining Cos. vs. Schoen, 118 Conn. 26, discloses that the losing defendant in the trial court raised for the first time in that action the claim that the Superior Court had no jurisdiction of the subject matter when the case was appealed to the Supreme Court. This claim was upheld on the appeal in the action, and the Supreme Court directed the trial court to erase the case from the docket. Hence, the defendant may attack the jurisdiction of this court de subject matter of plaintiff's alleged cause of action without asking the court's permission to withdraw his general appearance and substitute in lieu thereof, a special appearance. To go even further, a *Page 19 
court on its own motion may dismiss a case for lack of jurisdiction when its attention has been called to this fact. Fossvs. Foss, 105 Conn. 502, 512; Gill vs. Bromley, 107 id. 281, 285.
This court will take judicial notice of the file in the earlier action. German vs. German, 125 Conn. 84, 89.
It appears that the earlier action (File No. 31517) was returned to this court on the first Tuesday of March, 1941, in which the plaintiff sought damages in the amount of $500. Defendant's motion to erase, accompanying his special appearance, was filed on March 4, 1941. The motion to erase was based on the ground that notwithstanding the claim for damages in the amount of $500, an amount admittedly within the jurisdiction of the court, the amount of money actually involved was the liquidated sum of $79.74, as evidenced by the complaint itself.
The complaint in this action makes reference to the $79.74 item (paragraph 5 thereof), but in paragraph 4 thereof alleges certain damages of an unliquidated nature — "preventing plaintiff from serving his customers and waiting upon his trade, causing plaintiff to lose a large number of sales, customers and business" — beyond the scope of the earlier complain; which was erased from the docket, on motion aforesaid, by this court on March 29, 1941 (Devlin, J.), without memorandum.
The situation herein presented is manifestly not analogous to that in Atlantic Refining Cos. vs. Schoen, supra. The item of $79.74 plus other alleged matters of damage to the plaintiff, could well exceed the $100 minimum jurisdiction of this court. The latter alleged damages may not in fact constitute a "negligible" factor when weighed by rules of evidence and substantive law. See Atlantic Refining Cos. vs. Schoen, supra,
p. 29.
 Further discussion is unnecessary The defendant's motion is denied.