Medical and surgical service, claimed to have been furnished the defendant's decedent by the plaintiff, forms the basis of this litigation. Supplementing his *Page 69 
complaint, the plaintiff has filed an exhibit, in lieu of a bill of particulars, setting forth the dates and nature of the claimed professional service.
This exhibit has been prepared in considerable detail with the evident intent of fully and fairly apprising the defendant of the plaintiff's claims. Two typical excerpts from the exhibit will serve to illustrate its detail:
1942:
April 14:
 First aid ................................... $15.00 Two hospital calls .......................... 5.00 Counsel with Dr. Krinsky, 8:00 p.m. to 11:00 p.m., at $10 an hour ................ 30.00 April 21: Lumbar puncture ............................. 25.00 One day visit ............................... 5.00 One night visit ............................. 10.00
To this exhibit the defendant has addressed her motion for more specific statement. Concerning the foregoing charges for the service of April 14, 1942, the defendant seeks to discover "the nature and extent of the first aid; also, the place of consultation with Dr. Krinsky; and the findings and conclusions of the conference."
Concerning the outlined charges for the service of April 21, 1942, the defendant seeks to ascertain "the purpose and hours of visitation on April 21, both for the day visit and the night visit, and any administrations."
In similar vein, the defendant directs her motion to each day and to virtually each charge detailed by the plaintiff.
Section 62 of the Practice Act (1934) provides that a more specific statement may be ordered "where the pleadings do not fully disclose the ground of claim." I am unable to regard the plaintiff's complaint, as supplemented by his exhibit, in the light of an inadequate or defective pleading. It is my belief that the plaintiff has set forth his cause expertly and with the greatest particularity.
The power of the trial court to direct a fuller and more particular statement of the ground of a claim is to be exercised with caution and never for unsubstantial reasons. Princevs. Takash, 75 Conn. 616.
 Motion denied.