### EDNA SMITH POWER
*vs.*
### TOWN OF OLD SAYBROOK

Court of Common Pleas     Middlesex County     File No. 245

MEMORANDUM FILED FEBRUARY 10, 1944.

*L. Horatio Biglow,* of Deep River, for the Plaintiff.

*Nathan A. Schatz,* of Hartford, for the Defendant.

FITZGERALD, J. Defendant moves that plaintiff's appeal from the board of tax review of defendant town be erased for want of jurisdiction of this court on two principal grounds: (1) the previous order of transfer of the case entered by the Superior Court to this court "is void in that said appeal from the board of tax review is not a civil action within the provisions of section 5485 of the Revision of 1930"; and (2) because "it does not appear that said appeal was taken within two months from the time of the action of the board. . . . upon which this appeal is based."

The file discloses the following matters of consequence which warrant a recital:

1. On the first Tuesday of October, 1943 (service made September 23, 1943), plaintiff appealed to the Superior Court from the action and ruling of the board of tax review refusing to reduce on application of her grantor in title the valuation of $57,131 placed upon certain real estate by the assessors as of October 1, 1942, and acquired by her on July 1, 1943. A reading of the complaint makes it apparent that the appeal as such was based upon section 1200 of the General Statutes, Revision of 1930, amended by section 164f of the 1941 Supplement to the General Statutes — an appeal from the action of the board of tax review taken by mistake to the Superior Court rather than to the Court of Common Pleas under the 1941 amendment. The allegations of the complaint and relief asked are patterned upon Form 573 of the Connecticut Practice Book (1934), p. 365.

2. On October 4, 1943, defendant appeared specially in the Superior Court and filed a plea to the jurisdiction and a motion to erase for want of jurisdiction. The single ground recited in support of the plea and motion was that under the 1941 amendment (§164f) the appeal should have been returned to the Court of Common Pleas and not to the Superior Court.

3. On October 20, 1943, plaintiff filed a motion in the Superior Court to transfer the case from that court to the Court of Common Pleas.

4. On October 29, 1943, the Superior Court (McLaughlin, J.), having heard the parties, granted defendant's plea and

motion (see par. 2, *supra*), and denied plaintiff's motion to transfer. (See par. 3, *supra*.)

*Note*: It was stated by plaintiff's counsel in argument in this court on February 4, 1943, that he did not resist at that time defendant's plea and motion, and did not press the motion to transfer after defendant's counsel opposed it, and he advised that court that he would bring a new action in this court, but subsequently learned that the time had lapsed for doing so. A brief filed by plaintiff's counsel in the Superior Court at a later date bears out this statement, but so far as docket entries are concerned defendant's plea and motion were granted and plaintiff's motion to transfer denied.

5. On October 30, 1943, plaintiff filed in the Superior Court a motion requesting the court to reconsider her motion to transfer which had been denied on October 29, 1943.

6. On November 2, 1943, and before any action had been taken by the Superior Court on plaintiff's motion to reconsider, plaintiff filed in that court amendments to her writ and complaint. This was done without consent of court or permission of counsel. The amendments thus filed changed the character of her original action — and appeal from the board of tax review obviously brought under section 164f (see par. 1, *supra*) — to a suit based upon section 1201 of the General Statutes, Revision of 1930, as amended by section 165f of the 1941 Supplement to the General Statutes — prescribed remedy when it is claimed by taxpayer that property is wrongfully assessed. The amendments are patterned upon Form 574 of the Practice Book (1934), p. 366.

7. On November 13, 1943, defendant filed in the Superior Court a motion to erase for want of jurisdiction, specifying four grounds: (1) the case in the first instance was returned to the wrong court; (2) the amendments improper because such were filed without consent of counsel or permission of court; (3) the amendments change the original nature of the case (see par. 6, *supra*); (4) not having jurisdiction in the first instance the Superior Court cannot permit the amendments to remain in the file.

8. In a memorandum filed on November 19, 1943, the Superior Court (McLaughlin, J.) stated that the court lacked jurisdiction over the subject matter under section 164f as well as section 165f and that "any claimed defect in pleadings must

be challenged in the court having proper jurisdiction." The memorandum concluded with an order that the case be transferred to the Court of Common Pleas pursuant to section 5485 of the General Statutes, Revision of 1930.

9. Upon completion of the transfer defendant filed the motion to erase in this court as outlined in the initial paragraph of this memorandum and resulting in extensive arguments to the court on February 4, 1944.

The first ground on which the pending motion to erase is based (see initial paragraph of memorandum), requires only a brief comment. For this court to declare that the transfer of the case ordered by the Superior Court is void, would, to say the least, be presumptious. Whether or not the plaintiff's original appeal to the Superior Court does or does not constitute an "action" within the scope of the discussion of the Supreme Court in *Carbone vs. Zoning Board of Appeals of Hartford,* 126 Conn. 602, and in the light of the purposes of the transfer statute (§5485), is beside the point. The file and its contents are *now in this court* and must stand or fall upon a consideration of whether this court has jurisdiction over the subject matter thus referred by transfer of the Superior Court. The first ground of the motion to erase avails defendant nothing, and is overruled.

The second ground on which the pending motion to erase is based (see initial paragraph of memorandum), is one requiring a close analysis.

Plaintiff contends that her original action was brought under section 1201 of the General Statutes, Revision of 1930, as amended by section 165f of the 1941 Supplement to the General Statutes. But this is not so. It has been noted previously that at the outset plaintiff proceeded as in an appeal from the board of tax review under section 1200 of the General Statutes, Revision of 1930, as amended by section 164f of the 1941 Supplement to the General Statutes (see par. 1, *supra*), and then amended to come within section 165f (see par. 6, *supra*). The distinctions are vital. Section 165f, which prescribes the remedy when the taxpayer claims his property is wrongfully assessed, reads in part: "Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation"; whereas the statute authorizing an appeal from the action of the board of tax review (§164f) reads in part: "Any person

claiming to be aggrieved by the action of the board.... may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the Court of Common Pleas...." The nature of the two remedies provided are also procedurally distinguishable. "[Section 165f] provides for a procedure entirely different from an appeal to a board.... with an appeal from it to the court. The latter procedure is designed to act directly on the valuations of property on the grand list. ....[Section165f] is directed to relief against the collection of an illegal tax." *State ex rel. Waterbury Corrugated Container Co. vs. Kilduff,* 128 Conn. 647, 649. "The statute in question [165f] does not act in any way as such an appeal. It provides another and different method of attacking the validity of an assessment upon two different grounds included in its provisions, and upon those only." *Connecticut Light & Power Co. vs. Oxford,* 101 Conn. 383, 391.

It follows, therefore, that plaintiff originally instituted an appeal in the Superior Court under section 164f and not a suit under section 165f. The complaint and relief therein asked clearly fall within the purview of the former statute and not the latter. As noted in paragraph (1), *supra,* the appeal was served on September 23, 1943, and returned to the Superior Court on the first Tuesday of October, 1943. The subject matter of the original complaint discloses that the grand list of all taxable property to which the appeal is referable is that of October 1, 1942. Although the complaint does not set out the date on which the board disallowed the appeal to it for reduction of valuation, plaintiff's counsel in argument has stated that notification thereof was received on March 16, 1943. Accordingly, the time allowed by statute for an appeal to the court from the action of the board expired in any event on May 16, 1943. It follows that when the appeal was actually instituted by service of process on September 23, 1943, even this court was without jurisdiction had it been directed to and returned here rather than to the Superior Court through inadvertance.

Plaintiff presently argues that defendant's motion to erase in this court is not proper; that a plea in abatement only would have been the proper method of attack, citing *Murphy vs. Elms Hotel,* 104 Conn. 351, 354. The general rule is that a motion to erase lies for want of jurisdiction appearing "plainly on the face of the record" and, like a demurrer,

"admits all well pleaded facts and invokes the existing record and must be decided upon that alone." *Regali vs. Holmes,* 111 Conn. 663, 664, 665. To this general rule there is a qualification when a jurisdictional question arises which relates to a necessary jurisdictional fact as a prerequisite.

The complaint on its face does not set out that plaintiff was notified by the board on March 15, 1943, that the appeal to it had been disallowed. However, plaintiff's counsel admits this to be so. The statute upon which the appeal to the court was based sets a limit of "two months" from March 15, 1943, to prosecute the appeal to the court. Such was not attempted until more than four months after the expiration of the statutory limitation. Even had the appeal in the first instance been taken to this court as required by the 1941 amendment and not to the Superior Court through inadvertance, this court had no jurisdiction because of the lapse of time. It follows that the court is without jurisdiction at a later date. "No presumption would be made in favor of jurisdiction. The facts establishing it must affirmatively appear. They must be averred.... Until the existence of the prerequisites of jurisdiction appears in the papers, and jurisdiction is thus prima facie shown, the judge [or court] could not take hold of the proceeding. To do so would be to assume jurisdiction without apparent authority.... The objection of want of jurisdiction may be made at any time.... And the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention.... Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it 'can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.'.... *Woodmont Association vs. Town of Milford,* 85 Conn. 517, 523. *See, also,* the memorandum of this court at New Haven in *Farricielli vs. Slavin,* 10 Conn. Sup. 16, 18, in which reference is made to later cases of the Supreme Court.

The fact that plaintiff amended her original writ and complaint in the Superior Court after she filed a motion in that court for reconsideration of her motion to transfer, adds nothing to advantage her in this court. To be sure such were in the file of the case when transferred to this court, but under the circumstances of their filing they are without legal standing. (See par. 6, *supra.*) Defendant in its earlier plea

to the jurisdiction and motion to erase in the Superior Court (see par. 4, *supra*) had asked for judgment, and such had been granted and was then outstanding. The granting of a motion to erase "is a final judgment." *Regali vs. Holmes, supra,* p. 664.

For reasons stated, the motion to erase for want of jurisdiction is granted on the second ground.

As noted herein the basis of this decision is not that plaintiff having returned her appeal to the wrong court is penalized because of this understandable error minor in nature, but because the appeal in any event was taken outside of the "two months" prescribed by statute upon which the appeal was based. Were the situation presented one which the court could have exercised a legal discretion to avoid the result obtained, such would have been exercised in favor of plaintiff. Unfortunately, such is not the situation.

Judgment will enter for the defendant, as stated, granting its motion to erase.