J. Philip Magill, Administrator (Estate of Sophie Dziejma) v. John Shomsky et al.

Superior Court          Fairfield County          File No. 77853

Memorandum filed July 28, 1949.

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*William J. Lavery,* of Bridgeport, for the Defendants.

ALCORN, J.  The plaintiff seeks to foreclose a demand mortgage for $1800 with interest at 3 per cent dated October 3, 1936. This complaint is dated May 13, 1948, and claims a foreclosure, possession of the premises and a receiver of rents. The note provides for payment of a reasonable attorney's fee in event of default.

The defendant did not raise the question of jurisdiction, but the court takes cognizance of it suo motu. *Felletter* v. *Thompson,* 133 Conn. 277, 280; *Lapinski* v. *Copacino,* 131 Conn. 119, 122. The court's request, through the clerk, for counsels' views, first, as to the question of jurisdiction, and second, whether, if jurisdiction appeared to be lacking, the parties wished to stipulate for transfer before decision, brings the response from the defendant that the complaint should be dismissed.

Unless the matter in demand exceeds $2500 the case is within the exclusive jurisdiction of the Court of Common Pleas. General Statutes § 7740. The amount of the matter in demand is the amount of the debt or liability secured by the mortgage, as described in the mortgage. § 7746. Interest due upon the principal amount at the time the action was brought is included, *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28. This amounted to $628.21, making a total of principal and interest at the date the action was brought of $2428.21, as computed by the plaintiff.

To this, the plaintiff argues, a "reasonable attorney's fee" should be added since that was a part of the debt or liability secured by the mortgage. By adding such, he would confer jurisdiction upon this court.

Cognizance is taken of the general rule stated by recognized authority that payment of an attorney's fee is intended as an indemnity to the mortgagee for expenditures necessarily made to protect his interests, and such fees become a part of the mortgage debt but are not included in a provision for the payment of costs. 1 Jones, Mortgages (8th Ed.) § 442. Nevertheless, a provision for a "reasonable attorney's fee" is a flexible item incapable of representing any fixed amount at the time this action was brought. It is too speculative and indefinite to be considered as an element upon which to found jurisdiction. *Denison* v. *Denison*, 16 Conn. 34, 38; *Atlantic Refining Co.* v. *Schoen,* supra.

The complaint is dismissed for lack of jurisdiction.