[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved to dismiss the action and the prejudgment remedy entered in the above captioned case for violations of C.G.S. 52-278j(a) and 52-46. The relevant dates are as follows: CT Page 3938
 The application for the PJR is dated June 14, 1990, has a return date of July 31, 1990 and was served along with the writ, summons, complaint, order for hearing, and direction for attachment on July 8, 1990.
The PJR was granted on August 8, 1990.
 The order of attachment and writ, summons, and complaint were served on the defendants on November 16, 1990.
The defendants point out that the service of the order of attachment on November 16, 1990 was 99 days after, rather than within the requisite 90 days of, the granting of the application. As a result they maintain that the prejudgment remedy should be dismissed. See C.G.S. 52-278j(a). The defendants also contend that the failure to amend the return day caused the service of the writ, summons, complaint and order to be untimely under C.G.S. 52-46.[1] Rather than being served 12 days prior to the return day of July 31, 1990, service on November 16, 1990 was obviously long after this magic date. Because the question of jurisdiction has been raised, and could then be dispositive of the action itself, it will be addressed first.
The plaintiff does not dispute that the order, writ, summons, complaint and affidavit were served on the defendants after the return date. She contends, however, for the first time at oral argument, that this November 15, 1990 service was actually the second service and that the action had already been commenced with the July service, accomplished well before the return date. She also remarks that the defendants have suffered no prejudice or harm as a result of her failure to amend the return day.
If the plaintiff is correct about the November 15, 1990 service and its lack of significance, then her objection to the motion to dismiss should be sustained and the defendant's motion denied. However, if the plaintiff is incorrect, and the suit was commenced by virtue of this November 15, 1990 service, then such service, well after the return day, subjects the action to dismissal for a violation of C.G.S. 52-46. See, Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 434 (1989) for discussion therein regarding defects that are subject to abatement and those defects that are merely "circumstantial"; C.G.S. 52-123 is "not available to cure irregularities in the service or return of process." Id. at 434 (Emphasis added).
An application for a prejudgment remedy is purely a CT Page 3939 creature of statute, and the process is one wholly existent by statute. David B. Roberts, Inc. vs. Capitol Chevrolet Co.,5 Conn. Sup. 388 (1937). It is an extraordinary power granted in derogation of common right and common law. Chapel-High Corp. v. Cavallaro, 141 Conn. 407 (1954). Its purpose under the statutory scheme is to secure appearance of defendants and to furnish security for any judgment the plaintiff may receive. Cordoba Shipping Co., Ltd. v. Maro Shipping Ltd. CD.,494 F. Sup. 183 (D.C. 1980). It is not a substitute for the standard required process as set forth in C.G.S. 52-45 et seq. The requirements under C.G.S. 52-278c that the "proposes, unsigned writ, summons and complaint" should be contrasted to the actual, signed writ, summons and complaint required for the commencement of civil actions. See C.G.S. 52-45a and 45b. (Emphasis added). See also Shokite v. Perez, 19 Conn. App. 23, 204-206
(1989).
"An attachment is no part of the original process necessary to the commencement of an action, which latter consists of the issuance and service of a summons and complaint." Bartosiewicz v. Town of Hartford, 14 Conn. Sup. 357, 359 (1946). The fact that 52-278c requires a proposed writ, summons and complaint is to enlighten the person whose property is the subject of the proposed attachment as to the basis for the debt.
Moreover, C.G.S. 52-278d clearly contemplates the distinction. After the hearing on the application, the proposed writ, summons, and complaint are returned for service in cases where the application has been granted. If the application has been denied, only the summons and complaint are returned for the plaintiff to issue and serve. (C.G.S. 52-278d(b)). Provision is made for alteration of the return date, presumably so that the plaintiff can also comply with C.G.S. 52-46 and 52-46a[2].
The court recognizes C.P.B. 175 and C.G.S. 52-128 which allow any defect, mistake or informality in the pleadings within 30 days of the return date to be amended, and as noted above, C.G.S. 52-278d(b) also contemplates an amendment of a return day. However, any such attempt now would fall well outside the designated time period within which to cure the defect if the 30 days rule applies and would certainly be well past any reasonable time period should C.G.S. 52-278d(b) control. While C.G.S. 52-278d(b) provides that a plaintiff may alter the return date of the writ, certainly such alterations would need to take place before service is made to avoid any problems with C.G.S. 52-46 and 46a. And since service is to take place within 90 days of action on the application for a prejudgment remedy (C.G.S. 52-278j), any amendment of the return date should also take place within that same time period. CT Page 3940
In conclusion, the court finds that the November 15, 1990 service marked the commencement of suit. As such, it falls prey to C.G.S. 52-46. The motion to dismiss is hereby granted.
The failure to serve the defendants with the prejudgment attachment order within 90 days of the court's issuance of the order would ordinarily not prove fatal because of the lack of prejudice. See Jannotta v. Nucera, et al, 17 C.C.T. 12, p. 28 (February 1, 1991, Thim, J.) and Ward v. TRC Realty Corp. et al, 16 CLT 336 (January 15, 1990, Mulcahy, J.). However, because of the court's decision regarding the motion to dismiss,52-278j (a) calls for dismissal of the pre judgment remedy as well.
KATZ, JUDGE