[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST TO REVISE
David T. Ryan for plaintiff.
Jeremiah Donovan and James S. Brewer for defendant.
Plaintiffs in this action are the Corporation Counsel for the Town of West Hartford and the Mayor of that Town. Defendant is a resident of West Hartford and engages in the private practice of law in said town.
On June 9, 1994, plaintiffs filed a four count complaint in which they allege that defendant forwarded a letter, dated April 6, 1994, to the Town Clerk containing "statements which falsely and maliciously libeled" plaintiffs "by impugning [their] integrity and [their] performance within [their] profession." On June 24, 1994, defendant filed six requested revisions of the complaint. On July 15, 1994, plaintiffs objected to the first, third, fourth, and sixth requested revisions.
Defendant, under Practice Book Section 147, has requested that plaintiffs revise the complaint in the following manner. In the first and fourth revisions, respectively, defendant requests that the letter containing the allegedly defamatory statements be attached to, and incorporated in, the complaint so as to provide defendant with a more particularized statement of plaintiffs' allegations. Specifically, defendant asserts that the allegations of defamation are so "broad, uncertain and conclusory that it will be impossible for [him] to file a motion to strike without referring improperly to matters outside the complaint." Defendant argues that if the letter is attached, it contains privileged communications, and consequently, the four counts of the complaint will be susceptible to a motion to strike. CT Page 8811-A
Plaintiffs have objected to the first and fourth requested revisions on the grounds that: 1) the complaint adequately sets forth facts in support of their claims; 2) they "should not be compelled . . . to republish" the allegedly defamatory letter; 3) the defendant must plead privilege as a special defense; and 4) the production of the letter is a matter appropriately addressed in discovery and not through a request to revise.
In the third and sixth requested revisions, defendant requests that plaintiffs revise their complaint by setting forth, in additional counts, the date of each alleged publication by the defendant of the allegedly defamatory statements, as well as the manner thereof, and the allegedly defamatory language utilized. In support of this requested revision, defendant argues that each publication of defamatory statements is a separate cause of action that cannot be properly pleaded in one count. Plaintiffs object to the third and sixth requested revisions, respectively, on the ground that the plaintiffs have not alleged more than one cause of action. The plaintiffs assert that they "cannot separate different causes of action, as none exist."
It is observed, preliminarily, that "[a] party has the right to plead his case in his own way unless it is clearly in nonconformity with an applicable rule of pleading." First National Bank v. Blakeslee,4 Conn. Sup. 354 (Super.Ct. 1936). Practice Book § 108, entitled "General Rules of Pleading — Fact Pleading," provides, in part:
 [e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . . If any such pleading does not fully disclose the ground of claim or defense, the court may order a fuller and more particular statement. . . . (Emphasis added).
With respect to the complaint, Practice Book Section 131 provides, in part, that it "shall contain a concise statement of the facts constituting the cause of action. . . ." And, Section 141 states: "[w]here the plaintiff desires to make a copy of any document a part of his complaint, he may, without reciting or annexing it, refer to it as Exhibit A, B, C, etc., as fully as if he had set it out at length. . . ." Requests to revise are governed by Practice Book Sections 147 through 149. Section 147[1] provides, in part, as follows:
Whenever any party desires to obtain (1) a more complete or CT Page 8811-B particular statement of the allegations of an adverse party's pleading, or . . . (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading.
A request to revise seeks "an order directing the opposing party to revise his pleading in the manner specified." Royce v.Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981). It has been held that a more definite statement should be ordered with caution and never for unsubstantial reasons. Itzkowitz v. Markow,12 Conn. Sup. 68, 69 (C.P. 1943); but see, Massa v. Union NewHaven Trust Co., 12 Conn. Sup. 324, 325 (Super.Ct. 1944).
"The power of the trial court to direct a fuller and more particular statement of the ground of a claim or defense contained in any pleading, is largely discretionary, to be exercised with caution, and never for frivolous or unsubstantial reasons." Prince v.Takash, 75 Conn. 616, 619, 54 A. 1003 (1903); see, Multi Mail v.TEK Electronic Mfg. Co., Superior Court, Geographical Area #8, Docket No. CV 8-1044 (April 27, 1992). One of the purposes for a request to revise is to set up the complaint for a motion to strike.Moore v. State, 15 Conn. Sup. 251, 252, 209 A.2d 280 (C.P. 1947); see, Scribner v. O'Brien, 169 Conn. 389, 399-400,363 A.2d 160 (1975).
In Kileen v. General Motors Corporation, supra, the defendant filed a request to revise so that "appropriate and direct disclosure and inquiries [could] be made in defense of this claim." (Internal quotation marks omitted.) 36 Conn. Sup. at p. 348. According to the court, the defendant wanted "to become as well informed as possible so that a credible and strong defense [could] be established."Id. at p. 348-49. The court stated that "[a] request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case for a trial but it is never appropriate where the information sought is merely evidential."Id., 349. "The defendant is not entitled to know the plaintiff's proof but only what he claims as his cause of action." (Citation omitted.) Id. And, in Brooks v. Borten, 8 Conn. Sup. 463
(Super.Ct. 1940), it was stated:
 "The motion for a more specific statement has for its limited purpose, the securing of a statement of the material facts upon which the adverse party bases his complaint or defense. The CT Page 8811-C test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action or ground of defense."
The case of Golino v. MacDonald, 2 Conn. L. Rptr. 682 (October 30, 1990), was a two count slander action; there, the defendant filed a request to revise requesting that the plaintiff plead the exact defamatory words uttered by the defendant, and when, to whom, and where the allegedly defamatory statements were made. In sustaining the plaintiff's objection to the request to revise, the court, citing Kileen v. General Motors Corporation, supra, stated that "[t]hese specifics are evidentiary and therefore proper matters for discovery, because material facts upon which the pleading is based are already pled." In Cronan v. Politano, Superior Court, Judicial District of Ansonia/Milford, Dk. No. 03 96 72 (December 21, 1991), the court, noting that Practice Book § 108 provides that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . .," stated that if a plaintiff's allegations are sufficiently specific to satisfy Practice Book § 108, and it is established that the information sought by the defendant is merely evidential, a plaintiff's objection to the request to revise should be sustained.
A review of the reported case law in this jurisdiction does not reveal any specific authority supporting the proposition that a plaintiff in a libel action must attach to, and incorporate in, the complaint the allegedly libelous documents. After reviewing the complaint, it appears to the court that plaintiffs have set forth allegations sufficient to satisfy the requirements of Section 108 of the Practice Book. It further appears to the court that the information being sought by defendant on the instant motion is evidential. To the extent that defendant is unaware of any portion of that information, it would be discoverable under the rules of practice; and moreover, our courts have stated that "[p]rivilege is an affirmative defense in a defamation action and must, therefore, be specially pleaded by the defendant." Miles v. Perry,11 Conn. App. 584, 594 n. 8, 529 A.2d 199 (1987); see Monczport v.Csongradi, 102 Conn. 448, 450-51, 129 A. 42 (1925). Accordingly, plaintiffs' objections to the first and fourth requests to revise are hereby sustained.
As to the third and sixth requested revisions, the court finds that the defendant is correct in asserting that, generally, in a defamation action, the plaintiff must separate each publication in CT Page 8811-D a separate count. See, Yavis v. Sullivan, 137 Conn. 253, 261,76 A. 99 (1950); Golino v. MacDonald, supra. Therefore, plaintiffs' objections to the third and sixth requested revisions are herebyoverruled to the extent that plaintiffs must either specifically allege the date and manner of the alleged republication(s) by the defendant, or, in the alternative, remove from the pleading the allegation that defendant "republished" allegedly defamatory statements.
Mulcahy, Judge