TILTON E. DOOLITTLE AND OTHERS *vs.* WILLIAM N. CLARK AND WIFE.

A magistrate authorized to sign and issue writs, can not sign such process in his own case.

A writ in favor of *D, S & B*, a firm, was signed by *B*, who was a public officer authorized to sign writs. Held to be abatable.

ASSUMPSIT; brought to the Court of Common Pleas of New Haven County. The plaintiffs were Tilton E. Doolittle,

Henry Stoddard and William L. Bennett, a law firm. The defendant pleaded in abatement that the writ was no otherwise signed than by William L. Bennett, as a commissioner of the Superior Court, while he was himself one of the plaintiffs. To this plea the plaintiffs demurred. Demurrer overruled and judgment afterwards rendered for the plaintiffs. Motion in error by the defendants.

*R. Welles*, for the plaintiffs in error.

Mr. Bennett, as one of the plaintiffs, had no power to sign the writ. The officer signing a writ attests the proceedings and commands the service. *Woodruff* v. *Bacon*, 34 Conn., 184. He also passes upon the ability of the plaintiff to pay the costs of the action. Gen. Stat., p. 397, sec. 3. This statute plainly contemplates that the plaintiff is a different person from the authority signing the process; otherwise Bennett as an officer can require Bennett as plaintiff to appear before Bennett as officer and enter Bennett's recognizance as plaintiff to the adverse party to prosecute Bennett's action to effect. The omission of the plaintiff to give a bond for prosecution, when the statute requires it is a matter pleadable in abatement. *Ormsbee* v. *Davis*, 16 Conn., 567, 574. Again, we claim that for the plaintiff to sign his own writ is in spirit prohibited by the statute, (Gen. Stat., p. 60, sec. 3,) which disqualifies a judge or justice of the peace by relationship to act "in any proceeding in court," or when liable to contribute to the "costs or expenses of any such proceeding, or when he may receive a direct pecuniary benefit by the determination thereof." It is also prohibited in spirit by sections 4 and 5 on the same page. A person cannot act as judge in his own case. *Dyer* v. *Smith*, 12 Conn., 384; *Hawkes* v. *Kennebeck*, 7 Mass., 461. In this case Bennett as commissioner decided that Bennett as plaintiff and two partners were of ability to pay the costs, and he decided not to require them to give a bond. This decision was in its nature judicial, but whether judicial or ministerial the defendants should not be subjected to costs upon the plaintiff's own decision that his ability to pay costs is sufficient. It violates the

entire spirit of our law, both statutory and common. The plaintiff cannot decide this question. Session Acts of 1875, ch. 37; *Bates* v. *Thompson*, 2 Chipm., 96; *Hill* v. *Wait*, 5 Verm., 124. In *Windham* v. *Hampton*, 1 Root, 175, the authority signing the writ was not strictly a plaintiff, and he was not to pass upon the question of a bond so far as it appears; but the reason of sustaining that case, that otherwise there would be a failure of justice, does not apply here; besides the court held that the objection might be pleaded. Officers interested in the subject matter of the suit must be deemed excepted by implication from the general power conferred by the statute to sign writs. *Oakley* v. *Aspinwall*, 3 Comst., 550. The uniform practice of the members of the bar, and of all officers having authority to sign writs, has been not to sign writs in their own cases. This practice has given a practical construction to the statute conferring the power to sign writs. Gen. Stat., p. 397, sec. 1. The writ in this case directs an attachment to the amount of a thousand dollars. If the plaintiff has the right under the statute to sign this writ, he might with equal right in his own case direct, in an action of tort, an attachment of the body of the defendant, and commit him to jail. The statute which requires that conveyances of land shall be attested by two witnesses, intends an attestation by witnesses who at the time are disinterested. *Carter* v. *Champion*, 8 Conn., 549; *Winsted Savings Bank* v. *Spencer*, 26 id., 195. A person cannot take an acknowledgment of a deed to himself or for his use. *Groesbeck* v. *Seeley*, 13 Mich., 329; *Beaman* v. *Whitney*, 20 Maine, 413; *Dussaume* v. *Burnett*, 5 Iowa, 95. If a witness cannot attest a deed when interested, certainly an officer ought not to attest a writ who is interested. The latter exercises a far greater power and authority than the former, and one more liable to abuse. No substantial reason exists for any difference in the application of the principle in the two cases. The statutes in the two cases are similar in the extent of the power conferred. *Dimes* v. *Grand Junction Canal Co.*, 16 Eng. Law & Eq., 71, 81.

*H. Stoddard* and *W. L. Bennett,* for the defendants in error.

The act performed by the commissioner was one which by the terms of the statute he had full authority to perform. The act was in no way judicial, but like the appointing of appraisers by a justice on the levy of an execution; *Fox* v. *Hills,* 1 Conn., 295. Or the administering of the poor debtor's oath; *Betts* v. *Dimon,* 3 Conn., 107. Or the signing and issuing of a warrant by a justice; *Stratford* v. *Sanford,* 9 Conn., 275. In each of these cases the act of the magistrate was held to be a ministerial act. The statute appointing an officer to do a ministerial act prescribes the condition under which he may exercise his power. If he does the act under the conditions prescribed it is good. In nearly every case he is obliged to make some inquiry in order to find whether the conditions are present under which alone he is authorized to act; but he decides nothing judicially, and the question whether he has properly acted is left open. *Betts* v. *Dimon,* 3 Conn., 107, and cases above cited. There is no room for interest to affect the act, where both the act and the conditions under which it is to be performed are set out in the statute, as in the case of the signing of writs. The interest of the justice in the result of the case had no effect to invalidate his act in appointing appraisers in a highway matter. The court held that the only question to be considered was whether he had acted in appointing as the statute required him to act. *Crane* v. *Camp,* 12 Conn., 467. So in the case of *Windham* v. *Hampton,* 1 Root, 175, the court held, overruling a plea in abatement, that the issuing of a writ by a justice, who was an inhabitant of the plaintiff town and therefore one of the plaintiffs, was a ministerial act merely, and was good, and that if in such cases any irregularity is practiced advantage may be taken of it by pleading it. If the commissioner issues a writ to a non-resident without taking a recognizance, his act is improper and the impropriety can be pleaded; and in like manner, if being interested in the result of the suit, he issues a writ to a person manifestly unable to pay costs, the impropriety may be pleaded; but the impropriety consists,

not in the fact that he was interested, but that he has not observed the condition of the statute. The commissioner in the present case did not issue the writ for himself alone, but for his partners as well. They could appear before him and a recognizance taken by him of them would have been good. If they were manifestly unable to pay costs, then his act was voidable; but no such claim is made. The claim that the defendants might be deprived of costs amounts to nothing, for if the commissioner acted improperly in not requiring a bond, the impropriety could be pleaded; if he did not, then the defendants have lost nothing; and in any case the defendants could have a bond for costs by asking the court for it.

GRANGER, J. The plaintiffs in this case are copartners, the firm consisting of Tilton E. Doolittle, Henry Stoddard and William L. Bennett. The action was brought in the firm name of Doolittle, Stoddard & Bennett, to the Court of Common Pleas for New Haven County. At the first term the defendants appeared and severally pleaded in abatement to the plaintiffs' writ, on the ground that it was signed by Mr. Bennett, a member of the firm, who was a commissioner of the Superior Court for New Haven County, and that the writ was not otherwise signed. The plaintiffs demurred to this plea, and the only question in the case is, whether a plaintiff has the legal right to sign and issue a writ in his own case.

It would not seem to require any extended argument to show that this ought not to be allowed under the laws of this state. It is said by the plaintiffs that the signing of a writ under our statute is a mere ministerial act, and that there is therefore no valid objection to a plaintiff's signing his own writ. We can not assent to this proposition. If it is within the letter it clearly is not within the spirit of our statute, nor in harmony with the principles of the common law, nor with our ideas of common justice. It would be putting altogether too much power into the hands of one man, to be exercised for his own individual benefit, for if a plaintiff can sign his own writ in an ordinary action arising upon contract, he may sign it in an action arising from a tort, and without responsi-

bility other than his own bond, may attach all the estate of the defendant or attach his body and commit him to prison. Such a practice would be a reproach upon the law, and we trust will never be sanctioned in this commonwealth. The usage of the profession, and the common understanding of all intelligent citizens is, and always has been, antagonistic to any such construction of our statute relating to the signing and issuing of writs in civil proceedings. What necessity would there be for the appointment of justices of the peace or other officers to sign process, if every plaintiff may sign his own?

But it is said that there is authority for a party's signing his own writ, and the case of *Windham* v. *Hampton*, 1 Root, 175, is cited as sustaining this proposition. The case is very brief. It appears that a plea in abatement was filed—1st, on the ground that the writ was signed by Zephaniah Swift, Esq., a justice of the peace, who was an inhabitant of the town of Windham and one of the plaintiffs; 2d, that it was directed to and was served by James Flint as an indifferent person, also an inhabitant of Windham and one of the plaintiffs; and 3d, that said Flint had not made oath to the service. The plea was held insufficient, and the court says:—"As to the first two exceptions, the signing and serving of the writ are merely ministerial acts, and if any irregularity is practiced advantage may be taken of it by pleading it. Besides, if members of corporations were wholly excluded from acts of this nature, there would be a failure of justice in many cases. As to the third exception, the law doth not require it, but if necessary it may be done after the writ is returned by leave of the court." This is the whole case. The action being upon an insimul computassent in favor of one town against another, the writ was unquestionably a simple summons. The magistrate was an inhabitant of the plaintiff town and as such was a nominal party, but not the real party plaintiff. He had a nominal interest in the event of the suit, and such an interest as would have disqualified him from acting judicially in hearing the case, but not such an interest, according to the opinion of the court, as to disqualify him from perform-

ing the simple ministerial act of signing a writ in favor of the town. And the court seem to lay stress upon the fact that unless such acts were held to be valid there might be a failure of justice. Very likely there was something in the facts of the case which led to this conclusion. But we do not think the court intended to hold that the real plaintiff in a suit could sign his own writ and take a bond for cost where the statute requires a bond to be taken, for we think it must follow that if a party has a right to sign his own writ, he has the right to do all acts necessary to make it a valid writ and a proper one for the case, whether it be an attachment or summons. And . if this case goes to the extent of holding that a party plaintiff may do this, we think it is not good law. Certainly a different practical construction has for many years been given to our statute on the subject. The act relating to mesne process in civil actions (Gen. Statutes, 396,) has stood upon our statute books substantially as it now appears for over a century. It is unnecessary to say that it is an act of importance, and that it was passed for a wise purpose. It is apparent that the legislature considered the subject of signing and issuing process in civil actions as one of consequence to the citizen. It is one of the processes of law by which a man may be deprived of his liberty and his property, and hence it is carefully guarded. It is not to be issued by citizens indiscriminately nor by any one except an officer of the state. The writ in order to be "due process of law," must be signed by the governor, lieutenant-governor, a senator, justice of the peace, commissioner of the Superior Court, or a judge or clerk of the court to which it is returnable. One object of the statute clearly is to throw some safeguard around the rights of a defendant, and that he might presume at least that the officers named in the act would not sign a writ for a groundless cause, nor grant one against his person or property to gratify the inclination of a litigious plaintiff. Another purpose which the statute has in view is that the writ shall be an instrument of dignity, bearing the impress of the power and authority of the state, and be respected and obeyed by the citizen against whom it is directed, its purpose being to compel his attend-

ance before a proper tribunal, that justice may be done. But if each man who happens to be a justice of the peace, or commissioner of the Superior Court, or senator, may sign and issue a writ in his own name, there is no safeguard thrown around the process and no dignity attached to it.

We cannot think that the framers of the statute ever contemplated that any such interpretation could be put upon it as is claimed by the plaintiffs.

There is manifest error in the judgment of the Court of Common Pleas in overruling the plea in abatement, and the judgment is reversed.

In this opinion the other judges concurred; except LOOMIS, J., who dissented.