JOHN B. WILLARD *v.* TOWN OF WEST HARTFORD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 5, 1948—decided January 7, 1949

*John W. Joy,* for the appellant (plaintiff).

*Albert S. Bill,* with whom, on the brief, was *Harrison D. Schofield,* for the appellees (named defendant et al.).

*Arnold M. Sweig,* with whom, on the brief, was *Edward S. Rogin,* for the appellees (defendants Mauser).

JENNINGS, J.   The plaintiff has attempted to appeal to the Superior Court from a decision of the zoning board of appeals of West Hartford.   The case is an apt illustration of the application of the familiar maxim about the lawyer who is his own client.

Practically everything is wrong with this appeal.

The plaintiff is a commissioner of the Superior Court and himself signed the citation. This he may not do. *Doolittle* v. *Clark*, 47 Conn. 316, 320; *Yudkin* v. *Gates*, 60 Conn. 426, 428, 22 A. 776. He failed to furnish a bond with surety as required by the special law providing for the appeal. 19 Spec. Laws 937, § 11. The first twenty-eight paragraphs of his so-called complaint end with the statement: "Wherefore the plaintiff appeals from the decision of the Board of Appeals which approved the appealed permits and prays the court to direct said board to revoke said permits." There is then added a paragraph and prayers for relief requesting a declaratory judgment as to the legality of the action of the board and damages. The declaratory judgment requested would add nothing to the appeal and had no place in the case. The prayer for damages, based thereon, fell with it. The rules provide that in actions seeking a declaratory judgment "The form and practice prescribed for civil actions shall be followed." Practice Book § 251 (a). This was not done. Furthermore, the request for a declaratory judgment was misjoined to the appeal. *New Haven* v. *New Haven Water Co.*, 132 Conn. 496, 515, 45 A. 2d 831.

This leaves the appeal itself. The tortuous course pursued by the pleadings need not be discussed in the view we take of the case. Section 11, 19 Special Laws 937, provides for appeals from decisions of the zoning board of appeals of West Hartford to the Court of Common Pleas or the Superior Court. General Statutes, § 429, contains the same general provision. Subsequent statutes give the Court of Common Pleas exclusive jurisdiction of such appeals. Sup. 1941, §§ 50f, 810f. The question is: Did the General Assembly intend that the general provisions should supersede those of the special law? The following

rules of construction are well settled. When provisions of the general statutes (1941) cover the same field as those of special law (1925) the former prevail. *Hutchison* v. *Hartford,* 129 Conn. 329, 332, 27 A. 2d 803. This is particularly true where, as in this case, the former are repugnant to the latter. *Stamford* v. *Stamford,* 107 Conn. 596, 608, 141 A. 891; *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 589, 13 A. 2d 510; *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 616, 46 A. 2d 343. The provisions of the earlier special law must give way to those of the general statutes. The only tribunal which had jurisdiction of the subject matter of this appeal was the Court of Common Pleas.

It is the duty of the court to act whenever lack of jurisdiction of the subject matter comes to its attention. *Foss* v. *Foss,* 105 Conn. 502, 512, 136 A. 98; *Marcil* v. *Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411; *In re Application of Smith,* 133 Conn. 6, 8, 47 A. 2d 521; Conn. App. Proc. § 32. Neither the Superior Court nor this court has jurisdiction of this appeal. The judgment of the Superior Court sustained the defendants' pleas in abatement. It should have dismissed the case for lack of jurisdiction.

There is error, the judgment is set aside and the Superior Court is directed to dismiss the appeal for want of jurisdiction.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.