## ALFRED RILEY *v.* BOARD OF POLICE COMMISSIONERS OF THE CITY OF NORWALK

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

1

Argued December 3, 1957—decided January 7, 1958

*Sidney Vogel,* with whom was *Robert B. Seidman,* for the appellant (plaintiff).

*Vincent D. Flaherty,* for the appellee (defendant).

DALY, J.   After a hearing, the defendant board voted, on January 17, 1956, to demote the plaintiff from the rank of sergeant to that of top-grade patrolman in the Norwalk police department.   The plaintiff appealed from the action of the board to the Superior Court.   The court concluded that it lacked jurisdiction and dismissed the appeal.   The plaintiff has appealed to this court from the judgment.

The board was established by a special law enacted by the General Assembly in 1935.  22 Spec. Laws 291, No. 455.  Sections 1 and 2 of the act provide: "Section 1.   There shall be a police board in the city of Norwalk, which shall consist of two resident electors who shall be appointed by the mayor .... The mayor

of said city shall be, ex officio, a member and chairman of said board. ... Said board shall have control, management and supervision of the policemen of said city and all property belonging to or used in the police department. Said board shall have the power . . . to appoint, remove, suspend, discipline and punish and to prescribe the duties of all officers and members . . . of said police department, and to fix their salaries and compensation, to make rules and regulations as it may deem necessary, consistent with the provisions hereof, for the regulation and government of said department. It shall enforce and carry into effect all ordinances and by-laws of the common council and all laws of the state with reference to the safety of said city. ... Sec. 2. ... Notice of any such removal, expulsion or reduction in rank shall be given by the board in writing to the officer or permanent member concerned, and any such officer or permanent member aggrieved by such removal, expulsion or reduction may . . . appeal therefrom to the superior court . . . ."

Section 7742 of the General Statutes[1] was first enacted in 1941 in the language now appearing in it, except for the last sentence, which provided: "So much of any public or private acts inconsistent herewith is repealed." Sup. 1941, § 810f. The trial court determined that under the provisions of § 7742 the Court of Common Pleas has exclusive jurisdiction of an appeal from the defendant board and that the

---

[1] "Sec. 7742. APPEALS FROM LIQUOR CONTROL COMMISSION AND MUNICIPAL BOARDS. The court of common pleas shall have exclusive jurisdiction of all appeals from the doings of any municipal board, officer or commission, and all appeals from the doings of the liquor control commission. The court, upon such appeal and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. So much of any private act as is inconsistent herewith is repealed."

appeal to the Superior Court should be erased. The plaintiff claims that the board is not a municipal commission; that the Superior Court, not the Court of Common Pleas, has jurisdiction of his appeal from the action of the board; and that the court erred in concluding otherwise. This contention is based upon his assertion that the board, created by the special act, is not an agency of the municipality but a public body over whom the city has no control and for whose conduct it is not responsible. He claims, also, that "the repugnancy" between § 7742 and the special act is not sufficiently clear to warrant the determination by the court that the general statute, which specifically provides that "[s]o much of any private act as is inconsistent herewith is repealed," repealed the special act.

In *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 54 A.2d 501, the plaintiff, a patrolman in the East Hartford police department, had appealed on September 18, 1946, to the Superior Court from an order of the board of police commissioners of East Hartford discharging him. That board had been established by a special law enacted by the General Assembly in 1929. 20 Spec. Laws 1126, 1127. Section 22 of the act provided: "The police department of the town . . . shall be under the supervision of a board of police commissioners consisting of five members, one of whom shall be a member of the town council and be appointed biennially by the president of the council, with the advice and consent of the council, for a term of two years. The other four members of the board . . . shall be appointed by the president, with the advice and consent of the council . . . ." Section 23 provided: "The police board shall have power . . . to remove, reduce in rank or suspend without pay any officer in the department.

. . . Any officer of the department who shall have been removed by the board may make application to the superior court . . . in the nature of an appeal from such order of the board . . . ." While the action was pending in the Superior Court, the plaintiff filed a written motion requesting that his appeal be transferred from the Superior Court "to the Court of Common Pleas, which, under section 810f of the 1941 Supplement to the . . . General Statutes, has exclusive jurisdiction of appeals from municipal boards, officers or commissions." A-235 Rec. & Briefs, back of p. 151. The appeal was transferred to the Court of Common Pleas by an order of the Superior Court in which it was stated that "as it appears that under section 810f of the 1941 Supplement to the . . . General Statutes the Court of Common Pleas has exclusive jurisdiction of appeals from municipal boards, officers or commissions, so that this Court has no jurisdiction,—this Court, having heard the parties thereon, finds that said motion should be granted." Id., 152. The question of the jurisdiction of the trial court was not raised by either party upon the appeal to us. Nevertheless, we stated in our opinion that "[t]he appeal was transferred, pursuant to § 810f of the 1941 Supplement to the General Statutes, to the Court of Common Pleas." *Daley* v. *Board of Police Commissioners,* supra, 718.

Under the accepted rule, the doctrine of stare decisis contemplates only such points as are actually involved and determined in a case, and not what is said by the court on points not necessarily involved therein. 14 Am. Jur. 295, § 83. The question of the jurisdiction of the trial court, however, is one which this court has the duty of inquiring into whenever it comes to our attention, regardless of whether it has been raised by any of the parties. *In re Application*

*of Smith,* 133 Conn. 6, 8, 47 A.2d 521. The motion to transfer and the order transferring the *Daley* case, supra, to the Court of Common Pleas were parts of the record before this court. Since the record indicated or suggested a question as to the jurisdiction of the trial court over the subject matter of the action, although neither party raised it in this court, we would take cognizance of the question before we went further with the case. *Lapinski* v. *Copacino,* 131 Conn. 119, 122, 38 A.2d 592. The statement quoted from our opinion in the *Daley* case, supra, that "[t]he appeal was transferred, pursuant to § 810f of the 1941 Supplement to the General Statutes, to the Court of Common Pleas" clearly indicates that we inquired into the question of jurisdiction and, by approving of and agreeing with the assertion in the order of transfer, concluded that an appeal from the action of a board of police commissioners is one from the doings of a municipal board or commission and should be taken to the Court of Common Pleas in accordance with the provisions of § 810f, now § 7742 of the General Statutes.

The court below correctly found that it lacked jurisdiction and properly ordered judgment erasing the appeal.[2]

There is no error.

In this opinion the other judges concurred.

---

[2] We note that it is stated in the judgment file that "[t]he Court, having heard the parties, finds the issues for the defendant" and that "it is Adjudged that the appeal be and the same hereby is dismissed." The file should have recited that "the court finds that on the face of the record it does not have jurisdiction to hear the appeal," and that "it is adjudged that the appeal be and the same is hereby erased."