ARMAND F. LEWIS ET AL. *v.* ABRAHAM A. ROSEN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 6—decided May 8, 1962

*Colin Gunn* and *Alan H. Nevas,* for the appellants (plaintiffs).

*Robert A. Slavitt,* with whom, on the brief, was *Aaron Weitz,* for the appellee (defendant Dreamy Hollow Apartments Corporation).

PER CURIAM. The plaintiffs are forty-two persons who allege in their complaint that they are tenants of apartments in buildings owned or operated by the defendants. They seek to recover rents which

they allege were paid to the defendant Dreamy Hollow Apartments Corporation and were collected from them by the defendants in violation of General Statutes §§ 19-370 and 19-371 which are part of the Tenement House Act. The court sustained a demurrer by Dreamy Hollow Apartments Corporation to the complaint and rendered judgment for that defendant when the plaintiffs failed to plead over. The plaintiffs have appealed from the judgment.

At the outset, we are confronted with a question of jurisdiction which must first be determined, although it was not raised by the defendants. *Devine Bros., Inc.* v. *International Brotherhood,* 145 Conn. 77, 79, 139 A.2d 60; *Riley* v. *Board of Police Commissioners,* 145 Conn. 1, 6, 137 A.2d 759; *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160. Schedule A, attached to and made a part of the complaint, lists the amount of rent which each plaintiff seeks to recover. The amounts range from $162.50 to $1458. The total amount alleged to have been paid by all of the forty-two tenants is $35,131. The plaintiffs claim $45,000 damages.

The Superior Court has exclusive jurisdiction of civil actions in which the matter in demand exceeds $10,000, and concurrent jurisdiction with the Court of Common Pleas of actions in which the matter in demand exceeds $5000 but does not exceed $10,000. General Statutes §§ 52-10, 52-28. It follows that, unless the matter in demand in this case exceeds $5000, the Superior Court did not have jurisdiction of the subject matter, in which event we also lack jurisdiction and may act on our own motion to dismiss the action. *Masone* v. *Zoning Board,* 148 Conn. 551, 554, 172 A.2d 891; *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847; *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81.

Generally, the matter in demand is determined by the amount of damages claimed in the complaint; *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28, 170 A. 478; but where several separate claims are joined in one suit, the jurisdiction of the court is ordinarily determined by the amount which may be demanded on each claim separately. *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 145, 90 A.2d 884. The most that could be demanded on any one claim in this case is $1458. This amount is insufficient to bring the action within the jurisdiction of the Superior Court, and the attempt of the plaintiffs to aggregate their separate demands into a single ad damnum of more than $5000 will not confer jurisdiction on that court. The action should be erased from the docket for want of jurisdiction. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the action for lack of jurisdiction.