## MARGARET L. MCMAHON *v.* CIVIL SERVICE COMMISSION OF THE CITY OF BRIDGEPORT

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued December 6, 1966—decided January 17, 1967

*John A. Arcudi,* for the appellant (plaintiff).

*John J. McGuinness,* with whom, on the brief, was *Mark F. Gross,* for the appellee (defendant).

King, C. J.  Effective March 8, 1964, the plaintiff was dismissed from her position as a hospital attendant in the civil service of the city of Bridgeport.  From this action she appealed to the defendant, the Bridgeport civil service commission, which, after a hearing, affirmed the dismissal and, on July 20, 1964, duly notified her of its decision.

The plaintiff then appealed to the Court of Common Pleas by process dated August 6, 1964, and returnable to the Court of Common Pleas for Fairfield County on the first Tuesday of September, 1964.  Service of process was made on the members of the civil service commission on August 6, 1964.

The defendant demurred to the appeal on the basic ground that the plaintiff failed to comply with the applicable provisions of §§ 223 and 238 of the Bridgeport charter as to the return date of the appeal process.  Our decision on this demurrer is dispositive of this appeal since the plaintiff does not complain of the granting of the motion to quash if she prevails, as she does, on her claim that the demurrer should have been overruled.

Section 223 of the charter (22 Spec. Laws 269, No. 407 § 21 [1935] [as amended, in matters immaterial to this appeal, by 24 Spec. Laws 815, No. 431 § 5 (1945); 27 Spec. Laws 566, No. 622 § 4 (1955); 28 Spec. Laws 351, No. 256 (1957); and 28 Spec. Laws 517, No. 440 (1957)]) provides for an appeal from the "decisions and findings" of the civil service commission "to any judge of the superior court in the manner prescribed by section eighty-seven of the charter [Bridgeport Charter § 238 (1939)]".

Section 238 of the charter (15 Spec. Laws 528, No. 461 § 87 [1907] [as amended, but without change material to this appeal, by 17 Spec. Laws 345, No. 315 § 1 (1915); 22 Spec. Laws 169, No. 296 § 1

(1935); and 22 Spec. Laws 946, No. 528 (1937)]) provided that such an appeal should "be made returnable not less than three nor more than six days from the date of . . . [the decision of the civil service commission], and shall be served . . . at least two days before the time fixed for the hearing of such appeal".

General Statutes § 52-7, originally enacted in 1941 (Sup. 1941, § 810f), provides: "The court of common pleas shall have exclusive jurisdiction of all appeals from the doings of any municipal . . . commission. . . . So much of any special act as is inconsistent herewith is repealed."

The effect of this statute was to supersede the provisions of the Bridgeport charter insofar as they purported to authorize an appeal from the decision of the civil service commission to a judge of the Superior Court and to replace them with provisions for an appeal to the Court of Common Pleas.

The court below sustained the demurrer on the ground that although General Statutes § 52-7 eliminated an appeal to a judge of the Superior Court, it permitted an appeal to a judge of the Court of Common Pleas. In this determination the court was in error. After the effective date of what is now § 52-7, the only appeal which the Bridgeport charter can continue to authorize is an appeal to the Court (not a judge of the Court) of Common Pleas. *Riley* v. *Board of Police Commissioners,* 145 Conn. 1, 6, 137 A.2d 759; *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847.

It follows that the charter provisions quoted above as to when an appeal should be made returnable are irreconcilably inconsistent with the provisions of General Statutes § 52-48, which require that process shall be made returnable to the Court

of Common Pleas on the first Tuesday of each month, and also with the provisions of General Statutes § 52-49, which provide that appeals from administrative tribunals "shall be taken to the return day of the appellate court next or next but one".

Necessarily, the basic ground of the demurrer, which was that the appeal was "made returnable at a time which was more than six days from the date of dismissal", as purportedly provided by the quoted provision of the Bridgeport charter, was without merit, and the court was in error in sustaining the demurrer.[1]

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.

---

[1] We have followed the parties and the trial court in treating the demurrer as properly raising the claim that the appeal was not made returnable to the correct return day. See cases such as *Anselmo* v. *Cox*, 135 Conn. 78, 79, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405. Since the claimed defect was not in the sufficiency of the allegations of the appeal, which correspond to a complaint in an ordinary civil action, but in the return day of the appeal process, as such, the claim should have been raised by a plea in abatement or motion to erase. See Practice Book §§ 93, 94; *Holley* v. *McDonald,* 154 Conn. 228, 230, 224 A.2d 727; *New Haven Loan Co.* v. *Affinito,* 122 Conn. 151, 153, 188 A. 75.