STANLEY COHEN v. WILLIAM USHINSKI ET AL.

SUPERIOR COURT
JUDICIAL DISTRICT OF HARTFORD-
NEW BRITAIN AT NEW BRITAIN

HOUSING SESSION
FILE NO. SPN-7910-779-NE

Memorandum filed November 15, 1979

*Cohen & Silver,* for the plaintiff.

*David A. Pels,* for the defendants.

SPADA, J. The plaintiff landlord brings this summary process action for nonpayment of rent. The defendant tenants filed a motion to dismiss alleging in effect that the writ, summons and complaint should be dismissed because they were signed by a member of the plaintiff's law firm. The plaintiff, Stanley Cohen, is a practicing member of the Connecticut bar. The present complaint was signed by Attorney Robert H. Weinstein, an associate of the law firm in which the plaintiff is a partner. The defendants charge that this violates the mandate that a commissioner of the Superior Court may not sign his own writs.

The issue raised is whether an attorney is precluded from signing a writ as a commissioner of the Superior Court in an action brought on behalf of a member of the attorney's law firm.

The court answers in the negative. The commencement of civil actions is described in § 49 of the 1978 Practice Book: "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable, and the time and place of appearance, and shall be accompanied by the plaintiff's complaint." The writ "shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable." General Statutes § 52-89.

The defendants rely in part on *Willard* v. *West Hartford,* 135 Conn. 303, and on *Doolittle* v. *Clark,* 47 Conn. 316, to support their contention. That reliance is, however, misplaced. Both the *Willard* and the *Doolittle* cases, supra, are distinguishable from the present case, in that in each of those cases the attorney bringing the action and signing the writ was a litigant. In the case at bar, Attorney Weinstein is representing one of his firm's partners in his role as a private landlord. Neither is Weinstein a litigant nor has he any personal or proprietary interest in the eventual outcome of this dispute.

The rule that a plaintiff who is an attorney should not be allowed to sign a writ in his own case was intended to eliminate the possibility of using the courts as a means of harassment by litigious plaintiffs. See *Doolittle* v. *Clark,* supra.

In the case at hand, Attorney Weinstein is not involved in the plaintiff's business affairs. The court can find no sound or justfiable basis to grant the defendants' motion.

Accordingly, the defendants' motion to dismiss is denied.