[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff in this action is an attorney and therefore a Commissioner of the Superior Court. He signed the writ and summons on the standard JD-CV-1 form individually as a Commissioner of the Superior Court. The defendants have filed a motion to dismiss for insufficiency of process on the ground that an attorney cannot sign a writ in his own case.
Without a writ or a citation signed by competent authority, the officer to whom it is given for service receives no power or authority to execute its command and becomes little more than a deliveryman; a proper citation is essential to the commencement of the action and the subject matter jurisdiction of the court. Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336, 339. It is well established in this state that an attorney cannot sign the writ and summons in his own case. Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543, 546-548; Willard v. West Hartford, 135 Conn. 303, 305; Doolittle v. Clark, 47 Conn. 316, 322, 323.
The plaintiff claims that an attorney in a law firm may sign a writ, summons and complaint on behalf of his CT Page 8537 partner and that the plaintiff signed here as a principal in William M. Laviano, P. C. No legal authority is cited for that claim. An action taken by one partner in a law firm is considered for most purposes as action by each partner in the firm. See Bossert Corporation v. Norwalk, 157 Conn. 279,283. It is unnecessary to resolve this issue because the plaintiff signed the writ, summons and complaint himself. Moreover, the writ and summons, which is essential to the jurisdiction of the court, cannot be signed by anyone other than a proper officer, individually, and is never signed by a law firm.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE