[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS DATED AUGUST 22, 1991
This is an appeal from a decision of the defendant Zoning Board of Appeals of the Town of Lyme, granting a variance to the defendant Estate of Charlotte Handy, brought by the plaintiffs Kenneth C. Hall (Hall), Barbara T. Reid (Reid), and Lucille A. Singewald and Dean R. Singewald. The defendants initially moved to dismiss the appeal, claiming that since the variance affected three separate and distinct parcels of land, the plaintiffs Hall and Reid, who each abut only one of said parcels, are not statutorily or classically aggrieved as to the other two parcels; and that the plaintiffs Singewald who own property which neither abuts or is within 100 feet of any of the three parcels are also not statutorily or classically aggrieved.
During the course of hearings on the issue of aggrievement, plaintiff Hall was permitted to and did withdraw his appeal.
Before the taking of evidence was completed, the case of Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543
(1991) (reh. den.) (cert. pndg.), ___ Conn. ___, was decided. See also Doolittle v. Clark, 47 Conn. 316 (1879). The defendants then moved to dismiss the appeal on the basis of Brunswick, because the plaintiff Dean R. Singewald, who is an attorney, signed the citation accompanying the appeal as a commissioner of the Superior Court. As in Brunswick, Attorney Singewald moved and was given permission to withdraw his individual appeal, leaving the appeal by plaintiffs Reid and Lucille A. Singewald remaining. Since the issue of subject matter jurisdiction raised by the defendants under Brunswick would be dispositive of the plaintiffs' appeal, if decided adversely to them, the court ordered the parties to brief the CT Page 9013 issue and held oral argument. At the conclusion of oral argument, the court granted the plaintiffs' request to file a supplemental brief within two weeks and permitted the defendants to file a reply brief within one week thereafter. As supplemental briefs were not filed within the time allotted, the Court will decide the case on the briefs already filed and oral argument.
As Attorney Singewald signed the citation accompanying the appeal, and was an individual party plaintiff, "the writ was defective ab initio as to all plaintiffs, and it did not confer jurisdiction on the court to hear the case." Brunswick, supra, 553. Attorney Singewald argues that his withdrawal as a party plaintiff cured the defect. The exact same argument was considered and rejected in Brunswick, at 553-554.
This case presents an almost identical legal and factual situation to Brunswick, supra, and is on all fours with it, and this Court is bound by and may not reexamine Appellate Court precedent. Because Attorney Singewald signed his own citation, the Court lacks subject jurisdiction to hear this case, and therefore, the plaintiffs' appeal is dismissed.
Teller, J.