[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant has moved to dismiss because of lack of subject matter jurisdiction.
The basis of the motion is that the writ was signed by an attorney in the plaintiff firm and under Connecticut law an attorney cannot sign a writ in a case in which he is a plaintiff. The plaintiff claims that since the writ is invalid, service of the invalid writ does not confer jurisdiction upon the court. In support of his position, the defendant cites Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543, A.2d (1991).
This is an action to recover-fees for professional services allegedly rendered by the plaintiff law firm to the defendant either on a claim of breach of written contract, or breach of oral contract, or quantum meruit. CT Page 2219
The writ of summons was signed by Attorney Micheal W. Santagata as a commissioner of the Superior Court. An affidavit signed by Attorney Albert J. Barr, a partner in the plaintiff firm, states that Attorney Santagata is an associate in the firm, but is not a partner.
The position of the plaintiff is that since Attorney Santagata is not a partner in the plaintiff firm, the attorney signing the writ and the partnership plaintiff are not the same person. The plaintiff cites the case of Cohen v. Ushinski, 36 Conn. Sup. 69,411 A.2d 597 (1979) as authority for this position. In that case, the trial judge did not dismiss as action in which the plaintiff landlord was a partner in the same firm of which the attorney signing the writ was a member. The court reasoned that the plaintiff was a private landlord and the signing attorney was not involved in the plaintiff's private business interest and had no personal or proprietary interest in the outcome of the action.
This court does not believe that the Cohen v. Ushinski case is an apt analogy to the present matter in which the plaintiff is the law firm of which the signing attorney is an associate.
An examination of the Brunswick case indicates quite clearly that the Appellate Court understands that, while a lawyer or law firm might appear and represent himself or itself pro se, the signing and issuance of the writ, which initiates the full panoply of court proceedings and compels the appearance of a defendant must be done by an independent Commissioner of the Superior Court, because:
 An attorney is not merely the servant or agent of his client. His oath imposes on him duties and obligations to the court as well as to his clients. He is an officer of the court and like the court itself, under a duty to advance the ends of justice. "Where his duties to his client conflict with those he owes to the public as an officer of the court in the administration of justice, the former must yield to the latter. 7 Am.Jur.2d, Attorneys at Law, Sec. 5; Langen v. Borkowski, 188 Wis. 277, 301, 206 N.W. 181
(1925).
The appellate Court rejected, in Brunswick, the plaintiff's reliance on unreported trial court opinions allowing attorneys to sign writs in their own cases. To the extent that the plaintiff has relied on those opinions (this action having been brought before Brunswick was decided), that reliance was ill-placed. Stare decisis required the Appellate court and requires this court to observe the unmodified mandate of the Supreme Court, enunciated in CT Page 2220 Doolittle v. Clark, 47 Conn. 326, 322-23 (1879), that an attorney cannot sign a writ in his own case.
In this court's opinion, when the case involves a law firm seeking to recover fees for services allegedly contracted for or rendered by that firm, the principle that an attorney cannot sign a writ in his own case applies to any member of that firm, be he a partner or a salaried associate.
The Motion to dismiss is granted.
NIGRO, JUDGE