[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from the decision of a zoning board of appeals which approved a variance. The appellants claim to be owners of land within 100 feet of the property involved in the variance. One of the four plaintiffs-appellants, Sheldon A. Rosenbaum, is an attorney and a shareholder in a professional corporation known as Pinney, Payne, VanLenten, Burrell, Wolfe and Dillman. This makes him, in effect, a partner in the firm. The appeal and citation was signed by Joseph Dimyan, also a Connecticut attorney, and therefore a Commissioner of the Superior Court, on July 8, 1991. The defendant James M. Mannion, trustee, the successful applicant to the zoning board of appeals, has moved to dismiss the appeal since Dimyan is affiliated with Rosenbaum's law firm, claiming that the rule barring an attorney from signing his own writ, summons and complaint precluded Dimyan from issuing the appeal and citation for Rosenbaum. The plaintiffs respond CT Page 3370 that the motion to dismiss was not timely and that Dimyan properly brought the appeal.
The appeal was issued on July 8, 1991 with a return date of July 30, 1991. The defendant Mannion filed an appearance on September 30, 1991. The motion to dismiss was filed on January 24, 1992. Section 142 of the Connecticut Practice Book requires a defendant to file a motion to dismiss within 30 days after the filing of an appearance. Failure to do so is a waiver of the right to contest the jurisdiction of the court over the action, In re Adrien C., 9 Conn. App. 506, 513, except where the defect goes to the subject matter jurisdiction of the court. Lack of subject matter jurisdiction can be raised at any time, and cannot be waived. Connecticut Practice Book, section 145; Castro v. Viera, 207 Conn. 420, 429. The defendant, relying on Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543, 553, cert. granted220 Conn. 929, claims that the appeal was void ab initio as to all plaintiffs, because Dimyan signed the citation and appeal. In Brunswick, the attorney who signed the appeal was one of the appellants, and the fact that the motion to dismiss was not filed until eleven months after the appeal was taken did not prevent dismissal of the appeal. On the other hand, in Parrott v. Housatonic Railroad Co.,47 Conn. 575, 576 (1880), it was held that failure to raise a claim that an action was signed by the plaintiff as Commissioner of the Superior Court for almost two years after the action was commenced was a waiver of the claim. This suggests that the defect is one which makes the action or appeal voidable and not void, and that it does not go to subject matter jurisdiction. Support for this position is provided by law from analogous areas where failure to raise a claim initially is considered a waiver of it, such as claims of conflict of interest in land use appeals, Fletcher v. Planning and Zoning Commission, 158 Conn. 497, 508, and disqualification of judges. Bieluch v. Bieluch. 199 Conn. 550, 553.
Even if the failure to file the motion to dismiss within the time limits of section 142 did not waive the claim, under the circumstances here there is no jurisdictional defect. There are sound policy reasons for the rule that an attorney cannot sign the writ and summons in his own case, and that if he does the action can be dismissed. Doolittle v. Clark, 47 Conn. 316, 322, 323: Yudkin v. Gates, 60 Conn. 426; Willard v. West Hartford, 135 Conn. 303, 305; Brunswick v. Inland Wetlands Commission, supra, 546-544. The rule considers the duty owed by attorneys to the judicial process and provides some safeguards to defendants served with process. Attorneys have a duty not to issue process on demand of clients, but only where the attorney can determine that the action is not groundless. Another related purpose is that the process must be respected, and it is issued under the power and authority of the State, and these goals are undercut if an attorney can sign and issue a writ in his own case where he has a conflict of interest. Id., 547; Doolittle v. Clark, supra, 323. However, in those cases the attorney who signed the writ or citation was a plaintiff. CT Page 3371 Dimyan is not a party, and the rule has not been applied by the Appellate Court or Supreme Court except where the plaintiff-attorney signed the writ.
The defendant here argues, based on Farrell Barr v. Karbowski,6 Conn. L. Rptr. 109, CSCR 390 (1992), and Shea v. Middletown Planning, and Zoning Commission, 4 Conn. Law Trib. 16, p. 18, April 17, 1978, that the rule also applies where the appeal is signed by a partner or associate of the same law firm as the plaintiff. Other cases have refused to extend the concept in comparable situations. Cohen v. Ushinski, 36 Conn. Sup. 69; Christiano v. Greenwich, 7 Conn. Law Trib. 3, p. 17, October 6, 1980. There arguably basis for applying the rule where the attorney signing the writ is a law partner or the plaintiff and receives some benefit from the partner's interest and success in the action. For some purposes an action taken by one partner in a law practice is considered an action by other partners in the firm, and they have a similar financial interest in the outcome. See Bossert Corporation v. Norwalk, 157 Conn. 279, 283 (statutory disqualification of attorney in land use application considered disqualification of his law partner) This concept would not apply, however, where the subject of the legal action was personal to the plaintiff and did not involve firm business. Rosenbaum's efforts to set aside a variance for land near his own property is not related to his law practice, and if successful provides no financial or other benefit to his firm. Dimyan had no personal or proprietary Interest In the outcome of the dispute and was not a party to the litigation.
While not necessary to disposition of this issue, Dimyan was not a shareholder or partner in the professional corporation at the time he signed the citation, although he subsequently acquired an interest in the firm. Legal process is signed by an individual attorney acting as a Commissioner of the Superior Court, and not as an attorney in a law firm. While actions and decisions may be binding on an attorney's partners based on partnership law concepts, an associate has more limited authority to bind partners in a law firm or shareholders in a professional corporation. A plaintiff cannot sign his own appeal merely because he practices law in a professional corporation rather than individually or in a partnership. Laviano v. Union Trust Co., 5 Conn. [., Rptr. 170 (1991). However, this bar should not prevent Dimyan, who was not a shareholder in the law firm or partner of any of the plaintiffs, from acting in his capacity as an officer of the court, where presumably he exercised his own judgment in issuing the legal process.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE CT Page 3372