The court on its own motion stayed all action in the six above entitled cases.
The law firm of David M. Somers Associates, P.C. ("Somers") represents all the plaintiffs in the above-captioned actions. The Small Business Institute, Inc. ("SBI") and Rhonda Farrah ("Farrah") are defendants in each action and it is alleged CT Page 5714 in each: (1) that the plaintiffs paid a processing fee to the defendants SBI and Farrah in order to secure loans; and (2) the processing fees were paid but loans were never advanced to the plaintiff.
Plaintiffs claim breach of contract, unjust enrichment, breach of good faith and fair dealing, conversion, fraud, CUTPA violations and tortious interference with contract.
Somers has previously represented Farrah or SBI variously in eviction, foreclosure, collection, and divorce proceedings. Somers has now filed a separate action against Farrah and SBI alleging breach of contract and fraudulent misrepresentation on behalf of Somers itself, entitled David M. Somers Associates v. Small Business Institute, Inc., CV 92-449542, to collect legal fees owed Somers.
The cases outlined above present three distinct ethical questions. The first question is whether an attorney may sign a writ in his own case. In Doolittle v. Clark, 47 Conn. 316, 320-23 (1879), the court held that an attorney cannot sign a writ in his own case. The Doolittle case was recently overruled, however, when the court in Brunswick v. Inland Wetlands Commission, 222 Conn. 541,555 (1992), held that an attorney may now sign a writ in his own case. Therefore, the fact that Somers signed the writ in his action against Farrah and SBI does not provide a basis for dismissal of any of the actions.
The next issue is whether Somers, who formerly represented Farrah and SBI in other actions, may now represent other parties in actions against them. Rule 1.9 of the Rules of Professional Conduct provides:
 A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
"Under the substantial relationship portion of the test, disqualification is the proper sanction only upon a showing that the relationship between the issues in the prior and present cases is patently clear or where the issues are essentially the same." State v. Bunkley, 202 Conn. 629, 652 (1987); see also State v. Jones,180 Conn. 443 (1980) overruled in part on other grounds, State v. Powell, 186 Conn. 547 (1982). "The interest of a party in freely selecting counsel [outweighs] the expectations of a former client as to the scope of the attorney-client relationship unless the CT Page 5715 relationship between the issues in the prior and present cases is patently clear or . . . the issues are identical or essentially the same." Knights of Columbus Federal Credit Union v. Salisbury,3 Conn. App. 201, 205 (1985). Where, as here, the attorney previously represented Farrah and SBI in various actions such as eviction, foreclosure, divorce and collections and it now represents others against Farrah and SBI in breach of contract, fraud, and CUTPA matters, the relationship between the prior and present cases is not patently clear and the issues in the cases are not essentially the same. Therefore, Somers' prior representation of Farrah and SBI does not disqualify Somers from now representing other parties in unrelated matters against Farrah and SBI.
The final ethical issue to be considered concerns whether Somers may represent other parties against Farrah and SBI while he has his own case pending against Farrah and SBI. Rule 1.7(b) provides as follows:
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantage and risks involved.
An inherent conflict of interest is present when an attorney who has his own action pending against certain defendants also represents other parties in lawsuits against those defendants. The conflict manifests itself in situations involving attachments, judgment liens and the ultimate collection of damages. An attorney who represents others must be primarily concerned that his client shall collect the full amount of any judgment he obtains against the defendants. When he does that he is acting to the detriment of any claim that he may have on his own behalf against the defendants. That is a conflict. "The lawyer's own interests should not be permitted to have adverse effect on representation of a client." Rules of Professional Conduct, Rule 1.7 comment.
In the cases now before the court, there is no evidence which would indicate that the attorney would only seek to collect on a judgment after his clients had collected on any judgment in their favor. Thus, the attorney's own interest conflicts with those of his clients and disqualification is both appropriate and necessary CT Page 5716 under Rule 1.7(b).
Accordingly, Mr. Somers is disqualified from acting as counsel in the cases of The New Original Dave's Bagels, Inc. v. Small Business Institute, Inc., et al., CV 92-449540-S, Joe Addison, et al. v. Small Business Institute, Inc., et al., CV 92-450101-S, James Hadgkiss, et al. v. Small Business Institute, Inc., et al., CV 92-449538-S, TCE Corporation v. Small Business Institute, Inc., et al., CV 92-449539-S, Lawrence Nordgren, et al. v. Small Business Institute, Inc., et al., CV92-449541-S. CT Page 5717
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 5718