[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This suit arises out of a contract between the plaintiff Savings Institute and the defendants E. T. Andrews Co., Inc., Connecticut Financial Network Inc., and Kenneth Foisie. The complaint was brought in five counts. The last two mentioned defendants have filed this motion to dismiss the First Count (common law fraud/intentional misrepresentation) and the Second Count (negligent misrepresentation).
The basis of the motion as to both counts is that the court lacks subject matter jurisdiction because the applicable statutes of limitation have expired.
A motion to dismiss is, of course, the appropriate vehicle to test the court's subject matter jurisdiction, P.B. § 143, and a court need not rely solely on the pleadings to raise such a claim, Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). Here the defendants advance their jurisdictional claim by relying on the allegations of the plaintiff's complaint. They note the misrepresentations are alleged to have occurred on April 20, 1990 (Counts One and Two, par. 10) and pursuant to the contract three different blocks of stock were purchased on April 23, April 27, and May 1 of that same year.
The defendants point out that in Connecticut the applicable statute of limitations for common law fraud is Section 52-577,Day v. General Electric Credit Corporation, 15 Conn. App. 677, 683
(1988). This statute provides that such actions must be brought "within three years from the date of act or omission complained of." That date is the date on which the defendant's conduct takes place not the date when the plaintiff first sustains damages,Tucker v. Bitonti, 34 Conn. Sup[.] 643, 646 (1977), Vilcinskas v.Sears, Roebuck Co., 144 Conn. 170, 173 (1956). Since the original complaint is dated October 14, 1993 the claims asserted in Counts One and Two are time barred and must be dismissed because the court lacks subject matter jurisdiction.
The plaintiff does not appear to disagree with the defendants' general observations about the statute of limitations applicable to this case or the dates relied on by the defendants to assert their claims. It claims that this motion is untimely CT Page 9992 because it was not filed within thirty days of the filing of an appearance, P.B. § 142. A question of subject matter jurisdiction, however, can be raised at any time. Since the defendants have filed their motion solely on that ground (i.e. "Pursuant to Conn. P.B. Sec. 143(1)." the court will confine its ruling to that claim.
Subject matter jurisdiction is really a question of whether under our law a court has competency to handle the claim presented to it by a particular case. Connecticut CivilProcedure, Stephenson Vol. I, § 3, Carten v. Carten, 153 Conn. 603,612 (1966). There is no question that the Superior Court has the general power to hear claims involving common law fraud. The general law as to whether a statute of limitations defense raises a question about the jurisdiction of a court to handle a particular case has been stated in L.G. De Felice Son v.Wethersfield, 167 Conn. 509, 511 (1975) quoting from Lewis v.Rosen, 149 Conn. 734, 735 (1962).
 "Generally, `limitations on actions . . . are considered procedural or personal and thus subject to waiver . . . . This is to because it is considered that the limitation merely acts as a bar to a remedy otherwise available . . . . Such is not considered to be the case, however, where a specific limitation is contained in the statute which establishes the remedy. Here the remedy exists only during the prescribed period and not thereafter . . . . In such situations the statute of limitations is considered substantive or jurisdictional rather than procedural.'"
Also see Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 446
(1988).
The claims for relief set forth in the First Count and the Second Count are common law causes of action not claims for relief under statutes which contain their own limitation period. Thus the statute of limitations claim does not raise an issue of subject matter jurisdiction. Ordinarily the appropriate vehicle to raise a statute of limitations claim is by means of a special defense, Ross Realty Corporation v. Surkis, 163 Conn. 388, 391
(1972), Morrisette v. Archembault, 31 Conn. Sup[.] 302, 303 (1974), although when the parties agree the complaint contains all the CT Page 9993 pertinent facts the issue can be raised by a motion to strike,Vilcinskas v. Sears, Roebuck Co., 144 Conn. 171, 172 (1956). But a motion to dismiss under P.B. § 143(1) presents questions of jurisdiction and cannot serve the function of a motion to strike,Gurliacci v. Mayer, 218 Conn. 531, 544 (1991), cf McCutcheon L.Burr Inc. v. Berman, 218 Conn. 512, 526 (1991). The latter two cases both suggest that the trial courts should have treated the motion to dismiss as a motion to strike but it is difficult to tell whether that language was used only because the cases were before them with a full record and they could therefore decide it on that basis. Do trial courts have a right or obligation even to treat motions to dismiss as motions to strike in a case like this despite the fact that the moving party only purports to raise a subject matter jurisdiction claim? I don't have to reach that question here because in paragraph 27 of both counts the plaintiff has affirmatively pleaded fraudulent concealment which is a claim of tolling of the statute of limitations and cannot be resolved by a motion to strike since it raises facts outside the pleadings, Connecticut State Oil Co. v. Carbone, 36 Conn. Sup[.] 181 (1979), Bulkley v. Norwich W. Ry. Co., 81 Conn. 284, 286
(1908).
The motion to dismiss is denied.
Corradino, J.