[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE SUFFICIENCY OF NOTICE TO QUIT
In each of these summary process actions, the plaintiffs served notices to quit that were signed with the rubber signature stamp of Betsy Robles-Mayuri of Central Real Estates Services, Inc. The court sua sponte raised the issue of the sufficiency of the notices because of the use of this facsimile signature.[1]
Ms. Robles-Mayuri testified that Central Real Estate Services, Inc. manages the properties for these plaintiffs and that she alone prepares the Notices to Quit. She testified that the rubber stamp bearing her signature is kept in her desk which is locked when she leaves at the end of the work day. She possesses the only key to her desk, and she keeps the key on her person. She does leave her desk and office for periods of time during the day while the desk is unlocked. There are ten other persons who work at the office and have access to her unlocked desk during the day. Ms. Robles-Mayuri is physically able to sign her signature by hand.
The Notice to Quit is the condition precedent to a summary process CT Page 1198-P action. "Before the court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with a notice to quit." Lampasona v. Jacobs, 209 Conn. 724, 728 (1989). That notice to quit must strictly conform to the statutory requirements of C.G.S. § 47a-23(b). Windsor Properties Inc. v. Great Atlantic Pacific Tea Company, 35 Conn. Sup. 297, 301 (1979); see Vogel v.Bacus, 133 Conn. 95, 97 (1946). Accordingly, a proper notice to quit is a jurisdictional necessity, and if, in this case, the court determines that the rubber stamp signature invalidates the Notices to Quit, these actions must be dismissed.
The issue has been raised in this Court in the past. In HousingAuthority v. Alicea, H-821 (March 11, 1987), Judge Kaplan dismissed the action because the plaintiff used a rubber stamp signature on the notice to quit. In so ruling, the court looked at the requirements of §47a-23 as to who was authorized to serve the notice to quit: "the owner or lessor or his legal representatives, or his attorney-at-law, or in-fact . . .". Judge Kaplan then found that with a rubber stamp, "it is quite possible that somebody other than the authorized representatives will be `signing' the notice to quit with the use of the rubber stamp. " (p. 4) That is certainly a concern in this case since the testimony of CT Page 1198-Q Ms. Robles-Mayuri did not persuade the court that there are sufficient safeguards to prevent unauthorized use of the stamp.
In State v. Verdirome, 36 Conn. Sup. 586 (1980), a split Appellate Session found that a rubber stamp signature of the Commissioner was sufficient for admission of certified copies of Department of Motor Vehicle records into evidence. The majority held that "[t]he certification of a copy is not a `peculiarly personal' act required to be performed by the designated individual or official himself, such as taking an oath or performance of a quasi-judicial duty." 36 Conn. Sup. at 590 (citations omitted). Judge Bieluch noted in his dissent a distinction between situations where one can be bound by a facsimile signature in private transactions and where a statute or rule requiring literal compliance mandates an original signature. 36 Conn. Sup. at 596-597. InSharkiewicz v. Smith, 142 Conn. 410, 412 (1955), the Supreme Court noted the following:
 The subject of signing and issuing process in civil actions is one of consequence. Such signing is one of the processes of law by which a man may be deprived of his liberty and property. It is carefully guarded. It is not to be done indiscriminately. DoolittleCT Page 1198-R v. Clark, 47 Conn. 316, 322.
A notice to quit initiates a legal process to dispossess a person from his dwelling. Like the issuance of process in Sharkiewicz, this is clearly a subject of consequence that should be guarded carefully. C.G.S. 47a-23(b) sets forth the requirements of the Notice to Quit and includes "date and place of signing" followed by "A.B.".[2] In light of this language of the statute, the purpose of the statute and the foregoing case law, where there is no physical disability of the plaintiff, the court finds that the statute requires an original signature. Further, as noted in prior discussion the statute also requires a signature by an authorized person. The use and storage of the rubber stamp signature as testified to by Ms. Robles-Mayuri does not comply with that provision of the statute.
For the reasons stated above, the court finds that the rubber stamp signature on these notices to quit does not comply with the statute. As the court noted in Linwood Realty Company v. Melendez, H-483 (November 3, 1983) (Aronson, J.), where notice is required in a statutory action, failure to give such notice goes to the very existence of the action. In the absence of compliance, no right of action exists. Hillier v.CT Page 1198-SEast Hartford, 167 Conn. 100, 104 (1974). Accordingly, these actions are dismissed.
Alexandra Davis DiPentima, Judge