[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mark Antonios, brings this action to recover for injuries sustained in an automobile accident that occurred on November 11, 1991 in West Covina, California.
The plaintiff was operating an automobile owned by Faisal Antonios and was an insured person under the policy of insurance issued by the defendant.
Jurisdiction is premised on a provision of the policy which requires suit to be brought in the county where the insured person lives.
The plaintiff was a resident of Waterbury and initiated this action by writ, summons and complaint dated November 1, 1993, and returnable on November 30, 1993.*
The operative pleading is the plaintiff's amended complaint dated March 8, 1996 which contains three counts: (1) Demand for Arbitration, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Violation of the Connecticut Unfair Insurance Practices Act, General Statutes section 38a-815, et seq. [CUIPA].
The defendant moves to dismiss this action for lack of subject matter jurisdiction claiming that a provision of the California Insurance Code, Section 11580.2(i) incorporated by California law into defendant's insurance policy, is a condition precedent which the plaintiff has failed to satisfy.
Section 11580.2(i) of the California Insurance Code provides: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) CT Page 4797 Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction and notice of such suit has been given the insurer, or (2) Agreement as to the amount due under the policy has been concluded, or, (3) The uninsured has formally instituted arbitration proceedings."
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13 668 A.2d 1314
(1995), quoting Practice Book § 143. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
Because General Statutes section 38a-336 (g) applies to the facts of this case, the defendant's motion to dismiss is denied.
General Statutes section 38a-336 (g) provides as follows: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of the accident, provided, in the case of an underinsured motorist claim, the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the exhaustion of limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at CT Page 4798 the time of accident by settlements or final judgments after any appeals."
The statute is clearly a limitation imposed on every insurance company doing business in Connecticut.
The defendant seeks to enforce a provision of the California Code, as incorporated into the defendant's policy of insurance, which clearly seeks to limit the time within which suit may be instituted. The defendant's claim that there is no covered loss pursuant to the contractual language of the policy is without merit. The clear and unambiguous language of General Statutes section 38a-336 (g) prevents that provision of the policy in question from being enforced.
"`A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. Jones Destruction, Inc. v.Upjohn, 161 Conn. 191, 195, 286 A.2d 308 (1971).' Collucci v.Sears, Roebuck and Co., 585 F. Sup. 529, 532 (D.Conn. 1984). This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available. Lewis v. Rosen,149 Conn. 734, 735, 181 A.2d 592 (1962)." Moore v. McNamara, 201 Conn. 16,22, 513 A.2d 660 (1986).
Because a statute of limitations is procedural and affects merely the remedy and not substantive rights, the law of the forum applies and not the law of California.
General Statutes section 38a-336(g) was enacted in light of court cases holding that contractual terms could limit the time within which suit was brought. See McGlinchy v. Aetna Casualtyand Surety Co., 224 Conn. 133, 617 A.2d 445 (1992). However, the defendant seeks to accomplish by way of a "condition precedent" that which it could not accomplish by the terms of the contract. Such a result would be contrary to the clear language of the statute and be at odds with the legislative intent behind its enactment.
It should be noted that whether the provision is termed a statute of limitations or a condition precedent is of no moment. The language of section 38a-336 (g) states that an insurance company may not "limit" the time within which any suit may be CT Page 4799 brought to a period of less than three years from the date of the accident. This is precisely the result the defendant seeks to achieve.
Accordingly, the motion to dismiss is denied.
LOPEZ, J.