[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT's MOTION TO STRIKE
On April 28, 1999, the plaintiff, Anthony Fusco, filed his original complaint against Kelli A. Jones and Banknorth Mortgage Company, Inc. in Putnam Superior Court. An amended return was filed by Fusco on May 5, 1999. On August 20, 1999, Jones filed an answer and special defense. Fusco filed a request for leave to amend his complaint on September 1, 1999. Absent objection by either defendant within the prescribed fifteen days, Fusco's eight count amended complaint against Jones and Banknorth was deemed filed. The amended complaint seeks, inter alia, partition or sale of the property located at 363 Water Street, Canterbury, Connecticut (the property).
According to the allegations in Fusco's amended complaint, on July 15, 1998, Fusco and Jones purchased the property and took title as joint tenants with the rights of survivorship. The codefendant, Banknorth Mortgage Company, Inc., holds the mortgage on the property by virtue of an assignment of a mortgage that was held by Greene Mortgage, LLC, which had an original amount of $128,000. Said mortgage was executed from Fusco and Jones to Green Mortgage, which later assigned its interest to Banknorth.
Fusco and Jones later prepared two quit claim deeds conveying interest in the property; one deed conveyed Fusco's interest in the property to Jones, and the other conveyed that same interest back to Fusco. Said deeds were executed on December 30, 1998, at which time Jones recorded one of the deeds in the Canterbury land CT Page 3110 records, Volume 110, Page 895, giving her Fusco's interest in the property. Jones kept the deed giving Fusco back his interest in the property and has since refused to deliver it to him or has destroyed it. Fusco seeks, inter alia, a declaration that he continues to hold a one-half interest in the property and a partition or sale of the same.
On December 23, 1999, Jones filed a motion to strike count eight of Fusco's amended complaint, with a supporting memorandum. Fusco filed a memorandum in opposition to Jones' motion on February 7, 2000. The court heard oral argument at short calendar on February 7, 2000.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded."Napoletano v. CIGNA Healthcare of Connecticut. Inc.,238 Conn. 216, 232, 680 A.2d 127, cert. denied,520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). The court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Peter-Michael Inc. v. SeaShell Associates, 244 Conn. 269, 270,709 A.2d 149 (1998). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). "Because a motion to strike challenges the legal sufficiency of a pleading, [it,] consequently, requires no factual findings by the trial court. . . ." ATC Partnership v. Windham, 251 Conn. 597, 603, ___ A.2d ___ (1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997).
First, it could be argued Jones' motion to strike fails upon procedural grounds. Practice Book § 10-6 provides that a defendant's motion to strike must be filed prior to the filing of the defendant's answer. In the case at bar, Jones filed her answer to Fusco's original complaint on August 20, 1999. On September 1, 1999, Fusco filed a request to amend his complaint and, since there was no objection by Jones or Banknorth within fifteen days, the amended complaint was deemed filed. See Practice Book § 10-60(a)(3). Following the filing of his amended complaint, Jones and Banknorth had ten days to plead thereto. Practice Book § 10-61. "If the adverse party fails to plead further, pleadings already filed by the adverse party CT Page 3111 shall be regarded as applicable so far as possible to the amended pleading." Practice Book § 10-61. Because neither Jones nor Banknorth filed any further pleadings within ten days of the filing of the amended complaint, Jones' answer and Banknorth's disclosure of defense become the applicable responsive pleadings. See Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153798 (January 27, 1999, D'Andrea, J.).
Jones' filing of her motion to strike on December 23, 1999, did not comply with the time prescribed by Practice Book § 10-61. Jones' motion to strike was filed after her answer and is, therefore, in violation of Practice Book § 10-6, and could be denied upon procedural grounds. See Thompson v. Buckler, supra, Superior Court, Docket No. 153798; Antonios v. Farmers Ins.Exchange, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 117917 (April 2, 1998, Lopez, J.) (21 Conn. L. Rptr. 559); see also Chapman v. Norfolk Dedham Mutual FireIns. Co., 19 Conn. App. 306, 330-33, cert. denied, 235 Conn. 925,666 A.2d 1185 (1995). However, such a decision is within the court's discretion. See Sabino v. Ruffolo, 19 Conn. App. 402,404, 562 A.2d 1134 (1987).
"The very words of [Practice Book § 10-7], `when the court does not otherwise order' indicate . . . that the court has discretion to allow the filing of pleadings out of order. [Section 1-8] of the Practice Book supports this view by allowing for the liberal interpretation of the rules where `strict adherence to them will work surprise or injustice' because the very design of the rules is "to facilitate business and advance justice.'" Id. Accordingly, the court will look to the substance of the defendant's claim.
Jones moves to strike the eighth count of Fusco's amended complaint on the ground that "Fusco is not an owner of the real property in question, and therefore said Eighth Count lacks legal sufficiency to state a claim upon which relief can be granted." Jones argues that Fusco's "Eighth Count alleges that he is a co-owner of the real property described in Plaintiff's Exhibit "A", and serves as the basis for a partition of said real estate. [However,] [i]n paragraph 7, . . . Plaintiff admits to having conveyed his interest in and to said real estate to the Defendant . . . [and] only an owner of real property may proceed to have that property partitioned or sold." CT Page 3112
Fusco argues that "the allegations of the Plaintiff's Eighth count are sufficient to form a claim upon which relief can be granted such that the defendant's motion to strike should and ought to fail." Specifically, Fusco argues that count eight alleges that he and Jones are co-owners of the property and that "[i]t is not necessary for the plaintiff to be a record owner of the real estate as the deed of conveyance from the defendant to the plaintiff is binding upon her notwithstanding the fact that it was not recorded."
Count eight of Fusco's amended complaint states, in its entirety:
"1. The plaintiff and the defendant, Kelli A. Jones, hereinafter referred to as the defendant co-owner, are the owners of the following described real estate, situated in the Town of Canterbury, described more particularly in Exhibit `A' appended hereto. The plaintiffs ownership interest is evidenced by a deed executed by the defendant in his favor, which deed was last in defendant's possession or alternatively the defendant owns an equitable interest in said Real Estate."
"2. The plaintiff and the defendant co-owner hold the real estate as joint tenants either by deed or equitably and each has an undivided one-half interest therein, except that the plaintiff shall receive $8,000 plus one-half of the equity then remaining in and to the real estate after payment or reduction for the existing first mortgage to Banknorth."
"3. The defendant, Banknorth Mortgage Company, Inc., has a mortgage on this real estate by virtue of an assignment of an original mortgage to Greene Mortgage, LLC which mortgage is the original amount of $128,000 and which is from Anthony Fusco and Kelli A. Jones to Greene Mortgage, LLC which assignment is dated July 15, 1998 and recorded in the land records of the town in Volume 109, Page 279."
Jones specifically seeks to strike count eight solely on the ground that Fusco is not an owner of the property. However, Fusco specifically alleges in paragraph one of count eight that he and Jones are both owners of the property.
The law concerning a motion to strike is well settled. A motion to strike admits all facts well pleaded, and its only function is to test the legal sufficiency of the pleading. See Napoletano v.CT Page 3113CIGNA Healthcare of Connecticut. Inc., supra, 238 Conn. 232. If Fusco can prove the allegations contained in count eight, they would support a cause of action. Although Jones argues that Fusco is prohibited from seeking partition or sale of the property because he is not the owner of record, she neither seeks to strike those portions of the prayer for relief, nor any other portion of the amended complaint. Because the court may not look beyond the motion itself, see Meredith v. Police Commission,
supra, 182 Conn. 140; the motion to strike count eight is denied.
Potter, J.